### AULTMAN v. MOUNT.

1. **Prior Adjudication:** FACTS CONSTITUTING.   Where an agent for the sale of machinery took from the purchaser of a certain machine three notes, payable to his principals, and, under a mistaken apprehension of his duty to his principals, he himself guaranteed the notes, an adjudication in his favor, in an action upon his guaranty of one of the notes, on the ground that his contract with his principals did not require him to guarantee the notes, and that the guaranty was made by mistake, was decisive of his liability upon all the notes, as between the same parties; and, in an action between the same parties upon the other two notes, a demurrer to an answer setting up these facts should have been overruled.

*Appeal from Montgomery District Court.*

WEDNESDAY, JANUARY 30.

ACTION to recover upon a guaranty of two promissory notes executed by one Snygg to C. Russell & Co., the plaintiff's assignors.

The defendant for answer averred that the guaranty was made without consideration.   He also, as a second defense, pleaded a prior adjudication.   To so much of the answer as set up a prior adjudication the plaintiff demurred, and the demurrer was sustained, to which ruling the defendant excepted.   The parties then proceeded to trial upon the other issue, to-wit, as to want of consideration; and judgment was rendered for the plaintiff.   The defendant appeals from the ruling on the plaintiff's demurrer.

*McPherson & Murphy*, for appellant.

*C. E. Richards* and *R. W. Beeson*, for appellee.

ADAMS, J.   The answer shows that the defendant, Mount, was acting as agent for C. Russell & Co. in selling agricultural machinery; that as such agent he sold a piece of machinery to Snygg, and Snygg executed to C. Russell & Co. therefor his three promissory notes; that at the same time Mount endorsed

his guaranty thereon, and delivered them to C. Russell & Co.; that, while he was acting under a written contract with C. Russell & Co., such contract required only good faith and diligence, and did not require him to guarantee the notes, and that in indorsing his guaranty thereon he made a mistake; that action was brought upon the guaranty of one of the notes against this defendant, and in that action he pleaded the mistake and want of consideration, and judgment was rendered in his favor; that that action was between the same persons that this is, and this is brought upon the other two notes, and the same defense is now set up that was set up in that; that the plaintiff's title and ownership to said note sued on in the former action, "and his alleged right ro recover thereon, were and are the same as his title and ownership and right, if any, to recover on the notes declared on in this action." The answer further avers that "all of the said acts of Snygg and this defendant concerning said notes constituted but one transaction."

The execution of three different contracts of guaranty were three different acts. If they were distinct and independent acts, an adjudication upon one guaranty would not appear to be an adjudication upon either of the others, and that, too, even though the same question of law were presented. To constitute a prior adjudication there must have been something more than an adjudication of a common question of law. There must have been an adjudication respecting some common thing. Does the answer show that there was such adjudication in the former action? In our opinion it does.

The defendant, as we have seen, was acting under a written contract. The real question in dispute between these parties in the outset, we apprehend, was as to the construction of that contract. The answer is not very full upon this point, but it is full enough, we think, to warrant us in this conclusion. It contains an averment that the defendant's acts concerning the notes *were but one transaction*. The demurrer admits this. Taking this to be true, there were not properly

three mistakes, but only one. There must, then, have been some common mistake lying behind the three acts, by which the different endorsements were made. If the original contract between the defendant and C. Russell & Co. obligated him to guarantee the notes, then his indorsement of such guaranty, though consisting of three acts, would be essentially one transaction; and the same would be true if the endorsement was made under a mistaken supposition that the contract created such obligation, whether the mistake arose from a wrong construction of the contract, or forgetfulness of its provisions. Taking the averments above set out to be true, we think that the point adjudicated in the former action must have been that the contract did not create an obligation to guarantee the notes. That contract, then, constituted the common thing respecting which there has been an adjudication, and a court cannot, as between the same parties, properly be asked to make an adjudication respecting it again.

We think that the averments of the answer were sufficient to show a prior adjudication, and that the plaintiff's demurrer to it should have been overruled.

REVERSED.