THE STATE v. MONTGOMERY.

1. **Criminal Practice**: AID TO DISTRICT ATTORNEY: EMPLOYMENT OF COUNSEL BY PROSECUTING WITNESS. With the consent of the district attorney, the district court may permit attorneys employed by private parties (the prosecuting witness in this case) to assist in prosecutions;— following *State v. Fitzgerald*, 49 Iowa, 260; and this practice has been so long established in this state as to require an act of the legislature to abrogate it.

2. **Criminal Law**: ASSAULT: SEVERAL ACTS IN ONE OFFENSE: EVIDENCE. Where defendant, in seeking to prevent the prosecuting witness from crossing his farm, pointed a cocked revolver at him more than once, *held* that the several acts were but parts of the same transaction, and constituted but one assault, and that, while one act was sufficient to constitute an offense, all were properly shown to establish the *animus* of the defendant.

3. **Criminal Evidence**: ANIMUS OF PROSECUTING WITNESS. For the purpose of showing the feeling of the prosecuting witness toward the defendant, it was competent to prove that there had been difficulty between them; but to prove particular acts, such as that the witness had struck defendant, was not competent.

4. ————: ASSAULT: INTENTION IN TAKING WEAPON. One charged with committing an assault with a revolver should not be permitted to testify as to his purpose in taking the revolver with him, for, however innocent his purpose, it would not justify an assault with the weapon.

5. **Evidence**: ERROR IN EXCLUDING: CORRECTION ON APPEAL: PRACTICE. This court cannot say that there was error in not permitting answers to certain questions, when it does not appear what evidence was expected to be elicited.

6. **Criminal Law**: ASSAULT WITH REVOLVER TO REMOVE TRESPASSER. An assault with a revolver cannot be justified for the purpose of removing a mere trespasser from the premises of the assailant.

The State v. Montgomery.

*Appeal from Marion District Court.*

TUESDAY, MARCH 17.

UPON an information filed before a justice of the peace, defendant was convicted of an assault and battery. He appealed to the district court, and was again convicted, and now appeals to this court.

*C. H. Robinson* and *Ayres Bros.*, for appellant.

*Smith McPherson*, *Attorney-general*, for the State.

BECK, CH. J.—We shall proceed to dispose of the objections urged by defendant to the judgment of the court below in the order of their discussion by counsel.

I. An attorney who had presented the case before the justice of the peace was, upon the request and consent of the district attorney, permitted to assist in the prosecution in the district court. This was made the ground of an exception in the court below, and the objection is renewed in this court. We have held that, with the consent of the district attorney, the district court may permit attorneys employed by private parties to assist in prosecutions. *State v. Fitzgerald*, 49 Iowa, 260. This decision is questioned by defendant's counsel, for the reason that they think it is not well considered, and the decisions of other states are not referred to in the opinion. It will be observed that the decision is based upon the long existence in the state of the practice to which counsel object, —a consideration of more weight than decisions of other courts. The personal observation of some of us warrants the statement that the practice has prevailed in this state for more than forty years, and none of us have, until recently, heard it questioned. A practice so long and firmly established can only be abrogated by legislative enactment. But counsel for defendant think that this case should not be regarded

*Margin note: I. CRIMINAL practice: aid to district attorney: employment of counsel by prosecuting witness.*

The State v. Montgomery.

as within the rule of *State v. Fitzgerald*, for the reason that the assisting counsel was employed by the prosecuting witness. Under the long-prevailing practice, the prosecuting witness has always been permitted to employ an attorney to assist the officers in charge of the prosecution. Counsel for defendant think that, as the prosecuting witness may be held liable for costs, he is interested in the result of the prosecution, and therefore ought not to be permitted to employ counsel in the case. This consideration, we think, gives strong support to the justice and correctness of the practice. Surely the prosecuting witness, being liable for costs if the prosecution fails, ought to have the right to employ counsel for his own protection.

II. The assault of which defendant was charged consisted in pointing in a threatening manner at the prosecuting witness a cocked revolver. The evidence tends to prove that the prosecuting witness was forbidden by defendant to travel upon a certain road through a farm owned or controlled by defendant, and was compelled by the display of the revolver to leave the premises. In accomplishing his purpose of preventing the prosecuting witness from passing over the farm, defendant pointed the revolver more than once at the witness. Counsel now claims that the evidence shows more than one offense, and was therefore erroneously admitted, so far as it tended to prove more than one act. But all the evidence, in fact, pertains to but one transaction,—two continuous acts done for the purpose of driving the witness away from the premises. The separate acts of pointing the weapon constituted but one assault. While one act alone constituted an offense, all were properly shown, to establish the *animus* of the defendant. This view disposes of several objections made to the admission of evidence and instructions given.

III. Upon the cross-examination of the prosecuting witness he stated, in response to a question by defendant, that

*Marginal note:* 2. CRIMINAL law: assault: several acts in one offense: evidence.

**3. CRIMINAL evidence: animus of prosecuting witness.** there had been a difficulty between them. This evidence was competent to show the feeling of the witness towards the defendant. But the prosecuting witness was then asked if he had not struck the defendant, and an objection to the question was rightly sustained. If the fact had been shown, it would have been no justification for the assault, and would have led to inquiry into collateral matters not pertinent to the case.

IV. The defendant testified that he had no intention of using the revolver to assail the prosecuting witness, unless it

**4. ——: assault: intention in taking weapon.** became necessary. He was then asked what intention he had in taking the revolver with him, other than to defend himself. He was not permitted to answer the question. We think the court ruled rightly in rejecting the evidence. Whatever may have been defendant's intentions in arming himself, if they did not relate to the assault, they were irrelevant. If the defendant had the weapon in his hand for a proper and innocent purpose, this would not excuse him in pointing it in a threatening manner at the prosecuting witness.

V. An objection to evidence admitted by the district court, raised by the assignment of errors, is not argued by counsel, who content themselves with simply stating it. It is possible that we may not be required to pass upon it, but are authorized to regard it as abandoned. But, upon consideration of the objection, if we may be required to consider it without argument, we find that it is not well taken.

VI. Several questions were asked a witness (Horsman) by defendant, to which answers were not permitted. The rulings

**5. EVIDENCE: error in excluding: correction on appeal: practice.** are now complained of by counsel. As it does not appear what evidence was expected to be elicited, we cannot determine that the rulings were wrong. *Votaw v. Diehl*, 62 Iowa, 675.

VII. Numerous objections are made to rulings upon the instructions. Many of them are based upon incorrect criti-

**6. CRIMINAL law: assault with revolver to remove trespasser.** cisms and interpretations of the instructions given, and need not be further noticed. The instructions announce the rule that an assault with a revolver cannot be justified on the ground that the person assaulted was a trespasser, and the purpose of the assault was to remove the trespasser from the premises. The instructions are correct. It will not be claimed that a deadly weapon can be used in resisting a mere trespasser. It follows that an attempt to use such a weapon upon a trespasser is unlawful. Instructions asked by defendant were in conflict with the doctrine we have announced, and were properly refused.

VIII. The court correctly directed the jury upon the question of defendant's right of self-defense in case he was assaulted, or honestly believed that he was about to be assaulted, by the prosecuting witness, with a deadly weapon, which was claimed upon the trial. Other rules of the instructions given are correct. They demand no further attention.

IX. It is insisted that the verdict is not sufficiently supported by the evidence. We think differently. The judgment cannot be disturbed on this ground.

AFFIRMED.