Applegate v. Winebrenner.

---

APPLEGATE v. WINEBRENNER.

1. Intoxicating Liquors: NUISANCE: INJUNCTION: CITIZEN OF ANOTHER COUNTY AS PLAINTIFF. An action to abate as a nuisance a place where intoxicating liquors are unlawfully sold is an action for the public benefit, and, according to the terms of the statute, can be maintained only by a citizen of the county where the alleged nuisance exists.

*Appeal from Marshall District Court.*

THURSDAY, APRIL 23.

THIS is an action for the abatement of a nuisance, and to enjoin defendant from further keeping and maintaining the same. A temporary writ was issued on the order of the

judge of the district court.  Defendant filed a motion to vacate the order for a temporary injunction, which was overruled, and he appeals from this order.

*Parker & Childs*, for appellant.

*Caswell & Meeker*, for appellee.

REED, J.—It is alleged in the petition that defendant carried on the business of selling intoxicating liquors, contrary to law, in a building and place occupied by him in Marshalltown, and that he had, at various times before the bringing of the suit, sold intoxicating liquors to plaintiff's husband at said building, thereby causing him to become intoxicated, and that in consequence of such intoxication plaintiff was injured in her means of support.  It was proven, on the hearing of the motion to vacate the temporary injunction, that plaintiff was a citizen of Tama county.  In our opinion, the motion to vacate the temporary injunction should have been sustained.  It was not shown, either by the averments of the petition or by the proofs, that plaintiff sustained such injury from the maintenance of the alleged nuisance as, under the general provisions of the statutes, entitles her to maintain an action for its abatement.  The wrong of which she complains is that liquors have been sold to her husband at the place, which caused his intoxication, and that she was injured in her means of support by his intoxication.  But for this injury she has an adequate remedy in an ordinary action for her damages.  The act of 1884 provides that a suit may be maintained by any citizen of the county for the abatement of a nuisance, such as defendant is charged with maintaining, and that an injunction may be issued in the proceeding restraining the party from continuing the nuisance.  The action, although prosecuted in the name of a private party, is for the public benefit; that is, the injury which is sought to be remedied by the proceeding is an injury to the general public rather than to the individual citizen.  See *Littleton v. Fritz*, 65 Iowa, 488.

As the action is of this character, it is very clear that it can be maintained only by the individuals, or class of individuals, who are specially authorized by the statute to maintain it.

REVERSED.