JUDGE v. KAHL *et al.*

**Intoxicating Liquors : ENJOINING NUISANCE : REMOVAL OF PLAIN-
TIFF FROM COUNTY.** An action to enjoin as a nuisance the sale of
intoxicating liquors can be begun only by a citizen of the county
where the nuisance exists, but his right to prosecute it to judgment
does not cease upon his removal from the county.

*Appeal from Clinton District Court.*—HON. W. F.
BRANNAN, Judge.

FILED, MAY 18, 1888.

ACTION in equity to enjoin the defendants from
maintaining a nuisance. Plaintiff was a citizen of the
county when the suit was instituted, but afterwards
removed to another county in the state. The defendants
then moved the court to vacate the temporary injunction,
on the ground that plaintiff, not then being a citizen of
the county, was not entitled to maintain the action ; it
having been brought under chapter sixty-six, Acts
Twenty-first General Assembly. The district court sus-
tained the motion, and plaintiff appeals from that order.

*J. S. Darling*, for appellant.

*Walter I. Hayes* and *A. L. Schuyler*, for appellees.

REED, J.—The statute provides that any citizen of
the county may institute and maintain an action of this
character in his own name. Chapter 66, Acts 21st Gen.
Assem. sec. 1. In *Applegate v. Winebrenner*, 66 Iowa,
67, we held that the action could not be maintained by
a person not a citizen or resident of the county where
it was instituted. Under the language of the statute,
the right, *i. e.*, the right to institute the suit, is clearly
dependent on the residence or citizenship of the party
in the county ; but we are of the opinion that when
that right has attached, and the suit has been instituted,

the right to prosecute it to judgment does not terminate by the removal of the party to another county. The language of the statute is that "nothing in this section shall prevent any citizen of a county from instituting and maintaining in his own name an action," etc. It may be said that two rights are conferred by this language, viz., the right to institute the suit in his own name, and the right to prosecute to judgment; and that both are dependent on the citizenship of the party in the county. But it is his citizenship when the suit is instituted that is referred to, and it is upon that fact that both rights depend. This is the fair import of the words made use of, and there is nothing in the nature of the case requiring them to be construed in any other than their ordinary sense.

REVERSED.