## CONLEY, INTERVENOR, v. ZERBER.

**Intoxicating Liquors**: NUISANCE: PARTIES PLAINTIFF: INTERVENTION. Where one citizen of a county has brought an action to restrain and abate a liquor nuisance, another citizen of the same county has no right to intervene and join the plaintiff in the prosecution, because the right of intervention, as given by section 2683 of the Code, must be based on a private interest; while no private interest is involved in the case referred to, but the action is brought wholly for the public benefit.

*Appeal from Des Moines District Court.*—HON. CHARLES H. PHELPS, Judge.

FILED, SEPTEMBER 4, 1888.

On the sixth of June, 1887, one Thomas Fennell filed his petition in the district court, in which he alleged that defendant occupied a certain building in the city of Burlington, in which he carried on the business of selling intoxicating liquors, contrary to law, and in which he prayed that a writ of injunction might issue restraining the defendant from maintaining such nuisance, and for an order for the abatement of the same. The petition also alleged that Fennell is a citizen of Des Moines county. On the nineteenth of the following September, appellant filed a petition of intervention, in which he alleged that he is a citizen of said county, and as such has the same interest in the matter in litigation that plaintiff has, and he prayed that he be permitted to unite with plaintiff in the prosecution of the action. On defendant's motion, this petition was stricken from the files, and from that order intervenor appeals.

*A. H. Stutsman, Newman & Blake* and *J. C. Power*, for appellant.

*Dodge & Dodge*, for appellee.

REED, J.—The right to intervene in an action between other parties is given by section 2683 of the Code, which is as follows: "Any person who has an interest, in the matter in litigation, in the success of either of the parties to the action, or against both, may become a party to an action between other persons, either by joining the plaintiff in claiming what is sought by the petition, or by uniting with the defendant in resisting the claim of the plaintiff, or by demanding anything adversely to both plaintiff and defendant, either before or after issue has been joined in the cause, and before the trial commences." It will be observed that an interest in the matter in litigation is essential to the right of intervention created by this provision. Chapter 143, Acts Twentieth General Assembly, and chapter 66, Acts Twenty-first General Assembly, confer upon the citizens of the different counties of the state the right to institute and maintain actions for the abatement of nuisances in their respective counties of the character of that which defendant is charged in the petition with maintaining. The question which we are required to determine is whether by those provisions one citizen has such an interest in the matter in litigation as entitles him to intervene in an action instituted by another citizen of the county for the abatement of a nuisance of that character; and we are of the opinion that no such interest arises under those provisions. The right conferred by them upon the citizen is a mere naked right to maintain the action. That right does not include an interest in the matter in litigation, but is something entirely distinct from that. The only fact essential to its exercise is that of citizenship in the county. The action is maintained for the protection of a public right or the redress of a public wrong; and no private interest of the plaintiff is involved, but he is permitted to maintain it for the public benefit. *Littleton v. Fritz*, 65 Iowa, 488; *Applegate v. Winebrenner*, 66 Iowa, 67. But the interest which will entitle a party to intervene, under section 2683, must be of a private

nature ; that is, he can intervene only for the enforcement or protection of some private right, or the prevention or redress of some private wrong. This is the obvious meaning of the provision. The language of the section must be construed with reference to the facts as they existed when it was enacted. Its scope and effect are not enlarged by the subsequent enactments referred to, for they relate to a different subject. When the section was enacted, a civil action could be maintained by a private party only for "the enforcement or protection of a private right, or the prevention or redress of a private wrong." Code, sec. 2505. By the words "an interest in the matter in litigation" was meant such interest as would afford the intervenor a right of action ; that is, if he had such right or interest as entitled him to maintain an action, he is permitted by that section to intervene in any suit between other parties in which the same subject-matter is involved. The action of the court in striking intervenor's petition from the files is clearly right.

AFFIRMED.