## STATE v. SIOUX FALLS BREWING Co. *et al.*

1. The rules of this court and the statute allow the hearing of an order to show cause why an appeal shopld not be dismissed, at any time which may be fixed, in the discretion of the court.
2. Proceedings in the name of the state may be instituted and prosecuted under the provisions of the "common nuisance" clauses of what is generally known as the "Prohibition Law" of 1890, by the attorney general, his assistant, state's attorney, or by any citizen of the county where such nuisance exists, or is kept or maintained, to abate and perpetually enjoin the same.
3. This action having been commenced and prosecuted by a "citizen of the county," who appeared both as prosecutor and attorney for the state, and the appeal having been taken to this court by service of notice of appeal upon such citizen as such attorney, it is competent for him, as such attorney, to appear in this court, ond move to dismiss such appeal, in the absence of any appearance by the attorney general.
4. The clerk of the court below is not required to transmit the record of a case after appeal is taken until his fees and other necessary expenses in the case have been paid by appellant or other persons interested in prosecuting the appeal.

(Syllabus by the Court.   Opinion filed December 22, 1891.)

Appeal from circuit court, Minnehaha county.

Motion to dismiss appeal.   Allowed.

*McMartin & Corland*, for appellants.

*W. A. Wilkes*, for respondent.

PER CURIAM.   The appeal was taken from an order granting an injunction and from an order refusing to vacate and set it aside.   The notice of appeal and undertaking were duly served on October 10, 1890.   The motion to dismiss is based upon the fact that the appellants have failed and refused to prosecute the appeal.   Upon application to this court, based upon affidavit setting forth the facts, an order was granted and duly served upon the appellants to show cause why this appeal should not be dismissed.   In response to said order, the appellants have interposed the following objections, viz.:   (1) Want of due service of the motion to dismiss; (2) because the motion is not noticed to be heard on either the first day of the term or the first day of the call of the calendar for the circuit to which the cause belongs, as provided by Rule 30 of this court and its

modifications; (3) because the application to dismiss is made by a person unauthorized to make it; (4) because the record of the cause is brought to this court before the notice of appeal is served, as provided by Rule 21 of this court; (5) because it was the duty of the clerk of the court below to have transmitted the record at once after the appeal was taken.

The objection as to want of due service is based upon the alleged fact that the motion to dismiss was served on the 3d day of November, that being the day upon which a general election was held throughout this state. If this is a valid objection in any case, it cannot be urged in this, because the return and admitted service is shown to have taken place on the 16th of November, which service is signed by McMartin & Carland, attorneys for appellants.

As to the motion being noticed to be heard in violation of Rule 30 of this court, we would say that the application does not come under the operation of this rule or its modifiation. An order to show cause why the appeal should not be dismissed was obtained and served, and in such a case both the rules of this court and the statute allow the hearing at any time which may be fixed, at the direction of the court.

The reason urged that the application to dismiss should not be entertained, because the same is made by a person not authorized to make it, is untenable. An examination of the record in this cause shows that the original proceedings were instituted and prosecuted under the provisions of the "common nuisance" clauses of what is generally known as the "Prohibition Law" of 1890. This law specifically provides that "the attorney general, his assistant, state's attorney, or any citizen of the county where such nuisance exists, or is kept or is maintained, may maintain an action in the name of the state to abate and perpetually enjoin the same." The record of the original proceedings shows that William A. Wilkes was the person who instituted the action, and he appears throughout in the court below as the attorney for the state. The notice of appeal was directed to and served upon him as such attorney. It also shows that he is a citizen of Minnehaha county, state of

South Dakota, the county where such alleged nuisance exists, and under the provisions of the statute above cited he is competent to make this motion.

The fourth objection, that "the record of the cause is brought to this court before the notice of appeal is served, as provided by rule 21 of this court," to wit, upon the attorney general, cannot fairly be urged by appellant. If service of notice of appeal upon the attorney general is requisite to constitute a good appeal, or was required in this case by said rule, then the fact of such non-service would be an additional reason for the dismissal of the attempted appeal. To allow appellant to successfully resist this application to dismiss, upon the ground that in taking the appeal he himself had not observed the rules of the court, would be to allow him to take advantage of his own wrong.

The fifth objection is urged upon the ground that it is the duty of the clerk of the lower court to transmit the record after appeal is taken. It is only his duty to do so "at the expense of the appellant." He is not required to perform this duty until his fees and other expenses are paid. Usually appellants are directly interested in promptly prosecuting appeals. In this case the record shows that the appellants can have but little interest in an early determination of their appeal. They have already obtained substantially all they could hope for from a decision on this appeal in their favor. The proceedings under the injunction order are stayed, which leaves the appellants in the same situation, as long as the stay is operative, that they were in before any proceedings were had against them. The respondent is interested in having the appeal determined. That this court may have full jurisdiction and knowledge of the contentions, it is necessary that the original papers, or a transcript of it, should be before it. This has been done at the expense of the respondent. From those papers, as well as the affidavit upon which the order to show cause was granted, we find that the notice of appeal was duly served more than a year ago. Two terms of this court having elapsed in which the cause could have been placed upon the calendar for

hearing, and no good or valid reason being shown why it has not been done, the appeal will be dismissed for want of prosecution, at the cost of the appellants.

All the judges concurring.