PETER MALONEY et al. v. H. C. TRAVERSE, Judge.

1. Liquor Nuisance: INJUNCTION: CONTEMPT: PROSECUTION BY PRIVATE COUNSEL. Where a citizen engages in the prosecution of an injunction against a liquor nuisance, under section 1543 of the Code, he has the right to counsel to aid him, not only to secure the order of abatement, but also in a proceeding for contempt for disobedience · of the order, and he may employ private counsel for that purpose, who may proceed without the co-operation or authority of the county attorney.

2. Continuance: NEGLIGENCE IN PROCURING COUNSEL. A continuance should not be granted to the defendant on the ground that his attorney has just been called into the case, and can not be prepared for trial at the time set therefor, where it appears that the defendant has been negligent in the timely employment of counsel.

3. Contempt: PROSECUTION FOR: FICTITIOUS NAME. The fact that a fictitious name was inserted as that of the defendant in an information and precept in a contempt proceeding, is no ground of complaint on the part of the defendant, where the record was corrected during the trial so as to show his right name, and there was no question of identity.

· *Certiorari to Wapello District Court.*

THURSDAY, JANUARY 26, 1893.

THE plaintiffs at the suit of William Drake, were ·enjoined from maintaining a liquor· nuisance on certain premises. The injunction was issued January 14, 1888. On the twenty-eighth day of March, 1892, contempt proceedings were instituted for a violation of the injunction, and on the fourth day of April, 1892, the plaintiffs were attached, and brought before the court, and a hearing set for April 9, 1892. On the day set for the hearing, an application for a postponement or continuance was presented and denied. The cause was then tried, and a judgment entered imposing a fine as to each, with an order for imprisonment, under the law, until the fine should be paid. This proceeding is instituted to test the legality of the judgment, several complaints being made.—*Affirmed.*

*J. J. Smith,* for petitioners.

No appearance for the respondent.

GRANGER, J.—I. As appears in the statement of facts, the injunction proceedings were with William Blake as plaintiff, and with the· plaintiffs herein as defendants. In that proceeding the firm of Work & Blake were employed as attorneys, and prosecuted the suit. The firm also appeared in behalf of the state in the contempt proceeding, and from the examination there it appears that the firm appeared at the instance of ·the "Law and Order League," neither of them being the public prosecutor under the law, nor prosecuting the case at his instance. ·The showing is that the firm expected compensation for its services, but the understanding ·in that ·respect is quite indefinite. We think

1. LIQUOR nuisance: injunction: contempt: prosecution by private counsel.

it fair to say that in the main their compensation was expected from the percentage allowed by law from the fines imposed. After the showing thus made, the defendants objected to the prosecution, for the reason that it is the duty of the county attorney to prosecute in criminal cases. The objection was overruled, because of which the proceeding is urged as illegal.

It is said, in substance, that the public has provided a county attorney, whose duty it is to see that the laws are honestly and fairly enforced, and we are referred to the holdings in Wisconsin and other states where it is held, upon statutory enactment and grounds of public policy, that attorneys employed by private parties can not be permitted to assist in the trial of criminal cases. Upon this particular feature of the case we need only say that, under our law, it has been held that, the right to have assistant counsel in criminal cases is a matter that may safely be left to the discretion of the court and the attorney for the state. *State v. Fitzgerald*, 49 Iowa, 260; *State v. Montgomery*, 65 Iowa, 483; *State v. Ormiston*, 66 Iowa, 143. The point under consideration is, however, different. This was an appearance without reference to the county attorney, but it was, by the ruling upon the objections, with the express authority of the court. The attorneys were not there, however, to assist the regular attorney for the state, but to prosecute in behalf of the public. We think the matter may be properly disposed of without reference to the express authority of the court or county attorney.

In regard to liquor nuisances, our law provides that, "any citizen of the county where such nuisance exists, or is kept or maintained, may maintain an action in equity to abate and perpetually enjoin the same, and any person violating the terms of any injunction granted in such proceedings shall be punished as for contempt," etc. Code, section 1543. It will be seen

that the citizen is not only authorized to enjoin, but he is authorized to abate, the nuisance. A definition of "abate" is "to put an end to; as to abate a nuisance." The purpose of the law is to put an end to such nuisances, and the law attempts to arm the citizen with the power to effect such a purpose. There is no question but that the citizen may employ counsel to secure an injunction, but, when that is secured, the work may not be done. It may be abated for a day by a writ; but the law goes further, and provides that there may be a perpetual injunction against its reappearance; and this is a part of the object of the prosecution by the citizen, and is what the law permits him to secure. Now, a means of securing this continued abatement, or, perhaps, the method of enforcing the order of the court, is the proceeding for contempt, all provided for in the same act. We think, therefore, that where a citizen engages in the prosecution of an injunction proceeding, he has the right to counsel to aid him, not only to secure the order of abatement, but also in a proceeding for contempt to punish for disobeying the order. Any other holding would render the law in very many cases practically useless.

II. The application to continue or postpone the case is quite extended, and need not be produced here. 2. CONTINUANCE: It is, in effect, a showing by the attorney negligence in procuring counsel. for Peter Maloney that he was employed only a few minutes before the trial, and could not, with the utmost diligence and tact, prepare for the trial of the case then called. It asked for a postponement to some other day in the term. There seem to have been other counsel for Maloney, who were for some reason no longer appearing. There is no showing whatever of the diligence of Maloney in securing counsel, or why his former counsel did not further appear. The district court said, in ruling upon the motion, that, while the attorney making the application was acting in good

faith, the defendants had not evidently "been diligent, or they could have had counsel, and ought not to put off the employment of counsel until to-day." The court specially found that the clients had been negligent, and refused the application. The ruling was right. It was the duty of the client, as well as the attorney, to be diligent.

III. By some means the name "John Doe" was inserted in the information and precept in the contempt case, instead of Michael Connors, and he was arrested under that name. During the proceeding the court, on application, corrected the record so far as to show the name correct, and complaint is made of this action. The action was right. There is no question as to the identity. There was a mistake of name; and no prejudice could result from the action.

3. Contempt: prosecution for: fictitious name.

The judgment in the contempt proceeding is AFFIRMED.