JAMES McQUADE, Plaintiff and Appellant, v. STEPHEN COLLINS, *et al.,* Defendants and Appellants.

1   **Practice:** PLEADING. No reply is necessary to an allegation in answer that a liquor injunction case is brought in bad faith and to annoy defendant.

2   SAME. Such an allegation is no defense and should be stricken, on motion.

*Appeal from Keokuk Superior Court.*—HON. HENRY BANK, JR., Judge.

MONDAY, DECEMBER 17, 1894.

Suit in equity to enjoin a liquor nuisance. There was a decree dismissing the plaintiff's petition at his costs, and both parties appeal.

*W. B. Collins* for plaintiff.

*Parsons & Dolan* for defendants.

Deemer, J.—The petition followed the usual form of such papers in like cases, alleging, in substance, that defendants are the owners of and are carrying on a house, building, or saloon in the city of Keokuk (particularly describing it) for the sale of, and keeping for sale, intoxicating liquors, contrary to law, and have established and are now using the premises for the sale and keeping for sale of, intoxicating liquors. The answer of defendants admits that Stephen Collins is and has been engaged in keeping a saloon for the sale of intoxicating liquors, contrary to law, in the premises described; admits that John Concannon is his clerk; and denies each and every other allegation in the petition. And for further answer they aver that the prosecution was not brought in good faith by plaintiff; that it was not instituted for the public good, but out of hatred, malice, and ill will on the part of plaintiff; that the plaintiff does not believe in the enforcement of the prohibitory law; that he frequents saloons, and has leased property for saloon purposes, and he and his son are, or have been, engaged in the unlawful business themselves; that defendant, Catherine Concannon, obtained a judgment against plaintiff for the sum of five hundred dollars, and that defendant Collins was her agent, and a witness in the case in which the judgment was obtained; that plaintiff feels aggrieved by the judgment, and that he has threatened to bring civil and criminal prosecutions against defendants if they attempted to collect the judgment, and that

he would worry and annoy and prosecute defendants until the judgment should be released and satisfied without being paid; that plaintiff charged defendant Collins with having obtained the note on which the judgment was rendered from his son, by making him drunk, and demanded the note from Collins before the judgment was rendered, and plaintiff has stated that unless the note was delivered he would prosecute Collins for conducting a nuisance; that plaintiff does not come into court with clean hands or honest motives, but for the purpose of enforcing the satisfaction and release of the judgment. Plaintiff filed a motion to strike from the defendants' answer all that part thereof which pleads an affirmative defense, on the ground that it was incompetent, irrelevant, and immaterial matter. This motion was overruled, and plaintiff excepted. The cause then went to trial, and, at the conclusion of plaintiff's evidence, defendants moved to dismiss the case and for judgment upon the pleadings, because no reply had been filed to defendants' answer. This motion was also overruled, and defendants excepted, and have appealed from this ruling. The testimony being fully adduced, the court dismissed the petition, and taxed the costs to the plaintiff; holding, as we understand it, that the matters pleaded as an affirmative defense had been established, and that by reason thereof plaintiff could not maintain the suit. The plaintiff appeals from the ruling on the motion to strike, and from the decree dismissing the petition.

Conceding, for the purpose of disposing of defendants' appeal, that the affirmative matter pleaded by them in their answer amounted to a defense, yet no reply was necessary, under our system of pleading, unless the plaintiff claimed to have a defense thereto by reason of some fact in avoidance of the mat-

ters so alleged. Code, section 2665. The law interposed for plaintiff a general denial of the affirmative matters in the answer, and plaintiff was not required to file a reply unless he wished to confess and avoid. *Hartley v. Railroad Co.*, 85 Iowa, 455, 52 N. W. Rep. 352; *Chase v. Kaynor*, 78 Iowa, 449, 43 N. W. Rep. 269.

II. We think the plaintiff's motion to strike the affirmative matters pleaded in answer should have been sustained. How the plaintiff's motives in instituting injunction proceedings can abate or bar proceedings to enjoin a confessed liquor nuisance is more than we can understand. The law expressly authorizes certain persons to bring suits of this character to enjoin the maintenance of liquor nuisances, and in instituting such actions the plaintiff acts for the public. "The suit is, for all purposes, an action instituted in behalf of the public, the same as though brought by the attorney general or public prosecutor." *Littleton v. Fritz*, 65 Iowa, 488, 22 N. W. Rep. 641. The injury which is sought to be remedied by the proceeding is an injury to the general public, rather than to the individual citizen. *Applegate v. Winebrenner*, 66 Iowa, 67, 23 N. W. Rep. 267. No private interest of the plaintiff is involved. He is permitted to bring the suit, by statute, for the public benefit. *Conley v. Zerber*, 74 Iowa, 699, 39 N. W. Rep. 113. It would be strange doctrine to announce that the motives of the attorney general or of a public prosecutor in instituting suits, in the performance of their duties to the public, could be inquired into, and, if found unworthy, would defeat an action instituted for the general public good, and in which these officers had no private interest. It certainly cannot be true that a *qui tam* action may be abated or barred because of the dishonest motives of the informer. It has been expressly held by this court in *State v. Donovan*, 61 Iowa, 278, 16 N. W. Rep. 130, which was an indictment for adultery, that the motives of the wife in mak-

ing complaint against her husband were no defense; Day, C. J., using this language: "If the defendant committed the crime of which he was charged, it was the duty of the jury to convict him, without regard to the motives which led to his prosecution." And so, in this case, we say that if the evidence shows—and it does, beyond all controversy—that defendants were maintaining a nuisance, as alleged, to the detriment of the public in general, it was the duty of the court to enjoin it and abate it, without regard to the motives of the prosecutor in instituting the suit. Numerous cases have been cited to establish the familiar doctrine that plaintiff, in an equity suit, must come into court with "clean hands." We fail to see the application of these authorities. As we have said, plaintiff, in this case, has no personal or private interest distinct from that of the general public. He is acting for the general public, and we do not see how his motives can affect it. The court should have sustained the plaintiff's motion to strike the affirmative matter in the answer.

III. Defendants Collins and John Concannon admit in their answer that they are carrying on the place described in the indictment as a saloon, and are selling liquors therefrom. The only facts to be established from the testimony, then, are that defendant Catherine Concannon is the owner of the building, and that she had knowledge of the character of the business conducted therein. The first proposition is established by an admission made during the trial, and the last is overwhelmingly shown by the testimony. There should have been a decree permanently enjoining each and all of the defendants from continuing the nuisance, and enjoining and abating the same. Such a decree will be entered in this court, at defendants' costs, which will include a fee of fifty dollars for plaintiff's attorney. *Affirmed on defendant's appeal. Reversed on plaintiff's appeal.*