(86 N. W. Rep. 225.)

---

STATE *ex rel* WILLIAM E. MARTIN *vs*. CHARLES BRADLEY.

Opinion filed May 7, 1901.

**Liquor Nuisance—Abatement—Action by Citizen.**

> Section 7605, Rev. Codes, provides that the attorney general, his assistant, state's attorney, or any citizen of the county where a liquor nuisance exists, or is kept or is maintained, may maintain an action in the name of the state to abate and perpetually enjoin the same. *Held*, that a citizen of a county in which such nuisance exists may maintain an action in the name of the state to abate it without any authority or consent from the state's attorney or attorney general to bring the same.

**Employment of Private Counsel.**

> Such citizen may employ his own attorney, and bring such action in the name of the state, without authority from the state's attorney or attorney general.

Appeal from District Court, Morton County; *Winchester*, J.

Action by the state, on the relation of William E. Martin against Charles Bradley and John S. Nelson. From an order denying a motion for judgment, plaintiffs appeal.

Reversed.

*Bosard & Bosard*, for appellants.

No appearance for respondent.

MORGAN, J. This appeal is from an order denying a motion for judgment in an action brought under the provisions of § 7605, Rev.

Codes. The action was brought in the county of Morton, by the
state, on the relation of William E. Martin, a citizen, to abate a
nuisance alleged in the complaint to have been there maintained
by Charles Bradley, by keeping a place where intoxicating liquors
were kept for sale and sold unlawfully by him, on certain premises
described in the complaint. The summons and complaint were per-
sonally served on the defendants, but neither of them has appeared
in the action in any manner. At the expiration of 30 days from the
time of the service of the summons and complaint on the defendants,
the attorneys for the plaintiff made and filed an affidavit that no an-
swer, demurrer, or appearance had been made by the defendants
in the action, and applied to the court for judgment. This applica-
tion for judgment was accompanied by testimony in the form of a
deposition to substantiate, and which did substantiate, the allegations
of the complaint. Such application for judgment was regular in
every respect, and but one ground for denying the motion for judg-
ment is set forth in the order denying the motion.

There was no appearance on behalf of the defendants at the hear-
ing of such motion, nor has there been any appearance on their be-
half at any stage of the proceedings in the action. This motion
for judgment was denied on the sole ground that the action was not
brought in the name of, or at the relation of, the state's attorney of
Morton county, or of the attorney general of the state, or either of
their assistants, and was not brought by or with the consent or
authority of either of them. It was denied for the reason that the
action was brought by the state on the relation of William E. Mar-
tin, a citizen, represented by his own attorneys, appearing without
any authority or consent from the state's attorney of Morton county
or of the attorney general of the state. The plaintiff has appealed
from the order denying the motion for judgment for the abate-
ment of the nuisance alleged and established, and urges that any
citizen can maintain such an action without permission or authority
or consent from any of the officers of the state. A decision of this
question will depend upon, and is controlled by, the provisions of the
Code relating to the bringing of actions for the abatement of nuis-
ances of this kind, under § 7605, Rev. Codes. The provision of the
Code applicable in determining the question of the right of a citizen
to maintain an action such as this is the following: Section 7605, re-
lating to this particular question, provides: "The attorney gen-
eral, his assistant, state's attorney, or any citizen of the county where
such nuisance exists or is kept or is maintained, may maintain an ac-
tion in the name of the state to abate and perpetually enjoin the
same. The injunction shall be granted at the commencement
of the action in the usual manner of granting injunctions, except
that the affidavit or complaint or both may be made by the state's
attorney, attorney general or his assistant upon information and be-
lief. * * * In case judgment is rendered in favor of the plaintiff

in any action brought under the provisions of this section the court or judge rendering the same shall also render judgment for a reasonable attorney's fee in such action in favor of the plaintiff and against the defendants therein, which attorney's fee shall be taxed and collected as other costs therein; provided, if such attorney is the state's attorney, such attorney's fee shall be paid into the county treasury as in § 7603 provided." From this provision we are to determine whether a citizen may bring an action of this nature to abate and perpetually enjoin a nuisance created by a violation of the provisions of § 7605, Chap. 63, Rev. Codes. By that section a place where intoxicating liquors are sold, or kept for sale, or where persons are permitted to resort for the purpose of drinking intoxicating liquors, in violation of any of the provsions of said Chap. 63, is expressly declared to be a common nuisance.

The complaint shows that William E. Martin, the relator, is a citizen of the county of Morton, in this state. Under the provisions of said § 7605, the following persons are, by express language, permitted to maintain actions of this kind, viz.: The attorney general or his assistant, the state's attorney of the county, and any citizen of the county. They are empowered to maintain the action without any conditions or restrictions. Neither one of them is required to perform any act as a condition preliminary to the right to maintain such an action. Each of such persons is authorized to bring the action unconditionally, without the concurrence of any of the other persons mentioned in the section. The state's attorney and attorney general may bring the action and verify the complaint on information and belief. But a citizen bringing such an action on his own responsibility is not permitted to verify the complaint or affidavits on information and belief. The action is a civil action, governed, in a general way, by the same procedure as other civil actions in which injunctions are granted at the commencement thereof. A distinguishing feature from other civil actions in which injunctions are granted is that this action is maintained in the name of the state. The state permits its name to be used in bringing the action. This is because the action is of a public nature, and for the benefit of the public. It is to the interest of the public that such nuisances be abated. In such actions the relator has no personal interest in the action, except such interest as the public generally have. The language of this section is explicit that any citizen of the county may maintain such an action. Its language could not be more direct, positive, or unambiguous. There is a reason why citizens should have the right to bring such actions. Circumstances may arise and do arise, when it is necessary that the citizen shall exercise the right to bring such an action, or the law will not be enforced. It was for this reason that the terms of the statute do not confine the bringing of such actions to the representatives of the state alone. This right was conferred upon citizens to meet emergencies that

would render the law practically useless without it.   The provisions of § 7605 relating to attorney's fees, and the provisions of § 7603 relating to costs, also indicate that such an action may be maintained by a citizen without the consent of the state's attorney or the attorney general.   We therefore hold that any citizen of the county where a nuisance exists can maintain an action in the name of the state to enjoin and abate it, under § 7605, without the concurrence, authority, or consent of the state's attorney or the attorney general, and that he may employ his own attorneys to prosecute such an action.

This same question has been before the Supreme Court of Iowa many times.   That court has uniformly held that a citizen may maintain an action to enjoin and abate a nuisance, such as is described in the complaint, without the authority or consent of the state's attorney of the county, and may employ his own private counsel to prosecute the action of abatement.   The statute of Iowa bearing upon this question is almost identical in language with our own statute pertaining to this subject.   *Littleton* v. *Fritz,* 65 Ia. 488, 22 N. W. 641, 54 Am. Rep. 19; *Conley* v. *Zerber,* 74 Ia. 699, 39 N. W. 113; *Maloney* v. *Traverse,* 87 Ia. 306, 54 N. W. 155; *McQuade* v. *Collins,* (Iowa) 61 N. W. 213.   See, also, *State* v. *Sioux Falls Brewing Co.,* (S. D.) 50 N. W. 629, where the right of a citizen to maintain such an action is upheld under a statute identical with ours. The question involved on this appeal has been determined upon the statute in force in this state prior to the enactment of Chap. 178, Laws 1901, relating to the duties of state's attorneys.

The question whether the county would be liable, in any event, for the costs in actions brought by citizens without authority from the state's attorney, is not involved nor decided on this appeal.   The order appealed from is reversed, and the cause remanded to the District Court, with directions to said court to proceed to a determination of the action on the merits.   All concur.