# WHERRITT v. DENNIS et al.

No. 2827.   Decided July 17, 1916 (159 Pac. 534).

1. MORTGAGES—FORECLOSURE BY ACTION—PLEADING—REPLY—NE-
CESSITY.  In a mortgage foreclosure suit, no reply is necessary
to an answer claiming a homestead right, where plaintiff con-
tends the acts pleaded do not state a defense, for Comp. Laws
1907, Section 2980, requires a reply only to a counterclaim, or
where plaintiff confesses and avoids.   (Page 315.)

2.? REFORMATION OF INSTRUMENTS—SUFFICIENCY OF EVIDENCE—
MORTGAGE.   Reformation of a mortgage will be granted upon
clear proof of a mutual mistake.[1]   (Page 316.)

3. VENDOR AND PURCHASER—REMEDIES OF VENDOR—LIEN—RETAIN-
ING TITLE.  A vendor who retains title has a purchase-money
lien upon the land.   (Page 317.)

4. MORTGAGES—CONSTRUCTION—PROPERTY MORTGAGED.   A mortgage
given by one partner to secure a note purchasing the other part-
ner's undivided half interest in their property, and which cov-
ered an undivided half interest in the partnership property,
held to cover the mortgagor's rather than the mortgagee's in-
terest, where the mortgagee retained title to his share until the
note should be paid.   (Page 317.)

5. MORTGAGES—REVIEW—DETERMINATION OF CAUSE—AFFIRMANCE.
A mortgage foreclosure decree cannot be affirmed where the
findings and conclusions must be corrected to show that plain-
tiff had a mortgage on half the property, and a vendor's lien on
the remainder.   (Page 317.)

6. HOMESTEAD—INCUMBRANCES—JOINDER OF HUSBAND AND WIFE.
A husband, with his wife's consent, may incumber their home-
stead under the local statute.   (Page 319.)

7. DOWER—NATURE—PRIORITIES—PURCHASE-MONEY CLAIM.   Under
Comp. Laws 1907, Section 2826, the wife's dower right in her
husband's property is subject to a purchase-money claim.[2]
(Page 319.)

8. APPEAL AND ERROR—REVERSAL DIRECTING JUDGMENT BELOW.
Upon reversing an equity case, the Supreme Court may direct
the findings, conclusions, and decree to be entered below.
(Page 320.)

[1]Weight v Bailey, 45 Utah 584, 147 Pac. 899.
[2]Lumber Co. v. Vance, 32 Utah 74, 88 Pac. 896, 125 Am. St. Rep.
828.

Appeal from District Court, Fourth District.

*Hon. A. B. Morgan,* Judge.

Mortgage foreclosure suit by W. R. Wherritt against W. R. Dennis and Lysle Dennis.

Decree for plaintiff.   Defendants appeal.

REVERSED and remanded with directions.

*E. A. Walton* and *W. S. Willes,* for respondent.

*Charles J. Wahlquist,* for appellants.

## APPELLANT'S POINTS.

"A unilateral mistake is not a ground for reformation. An instrument which agrees with the intention of one party, although under mistake as to the other, cannot be reformed. Before equity will reform a written instrument it must appear that there was a valid agreement sufficiently expressing the real intent of the parties, and that the written instrument failed to express such intent, and that this failure was due to mutual mistake.   (34 Cyc. 915 (Reformation of instruments), with numerous authorities, including *Des. Nat. Bank* v. *Dinwoody,* 17 Utah. 43.)

"In all cases it is necessary to make clear the mutuality of the mistake as reformation is not the remedy for mistakes not participated in by both parties."   (34 Cyc. 919, citing many authorities, the latest being *Hope* v. *Bourland* (Okla.), 98 Pac. 580; *Snelling* v. *Merritt* (Conn.), 81 A. 1039; *Perry* v. *Elliott* (Ill.), 104 N. E. 196; *John* v. *Price* (Iowa), 145 N. W. 290; *More* v. *Parker* (Wash.), 145 Pac. 440; *Weight* v. *Bailey* (Utah) 147 Pac. 899.)   "One holding an equitable title to real estate may give a valid mortgage thereon to secure a creditor, although, of course, the conveyance will pass only the title which is vested in him."   (27 Cyc. 1036; *Clark* v. *Lyster,* 155 Fed. 513.)   "The purchaser under an executory contract for the sale of land, being in possession and having

partly performed his part of the contract, although the legal title remains in the vendor, has an interest in the premises which he may mortgage to a third person." (*Id.* p. 1037; *Heard* v. *Heard*, 61 S. 343.) "A mortgage to secure the purchase money of realty is the same in legal effect whether given directly to the vendor or to a third person who advances the money with which to make the purchase." (27 Cyc. 1060; *Harrow* v. *Crogan*, 219 Ill. 288, 76 N. E. 350; *Stewart* v. *Fellows* (Ill.), 17 N. E. 476; *In re Hays*, 181 Fed. 674; *Wheadon* v. *Mead* (Minn.), 75 N. W. 598; *Ins. Co.* v. *Ellis*, 8 Pa. Dist. 5; *Jones* v. *Parker* (Wis.), 8 N. W. 124; *Hubbard* v. *Lydecker*, 78 Misc. 80, 137 N. Y. S. 714.) "Where the debtor bases his claim upon the general immunities granted by the homestead act, the creditor must reply with facts depriving defendant of its benefits." (21 Cyc. 524; *Crawford* v. *Richeson*, 101 Ill. 351.) "A judgment obtained after the filing of a declaration of homestead cannot be enforced against the premises, although an attachment had been levied upon the land prior to the filing of the declaration." (*Sullivan* v. *Hendrickson*, 54 Cal. 258; *McCracken* v. *Harris*, 54 Cal. 81; *Kenyon* v. *Erskine* (Wash.), 124 Pac. 392.)

FRICK, J.

On and prior to the 16th day of December, 1912, the plaintiff and the defendant, W. R. Dennis, were partners engaged in raising live stock in Wasatch County, Utah, and were doing business under the firm name of Wherritt & Dennis. In addition to the live stock and other personal property owned by the firm it also owned a ranch consisting of something over 500 acres, which was used by the firm in connection with its business aforesaid and which is specifically described in the complaint. On the date aforesaid the partners entered into an agreement in writing whereby it was agreed that the partnership should be dissolved, and the defendant Dennis agreed to and did purchase Mr. Wherritt's interest in the partnership property including the ranch aforesaid. As a part of the transaction the plaintiff agreed to assume and pay the firm's debts to the extent of $2,501.85, and the defendant Dennis assumed and agreed to pay any other indebt-

edness of the firm, if there should be any in excess of $2,501.85. The plaintiff also was awarded all of the firm's money on deposit in the bank, amounting to $466.96. Defendant W. R. Dennis was to have and was given possession of all the other partnership assets, including the real estate aforesaid, for which he agreed to pay the plaintiff the sum of $7,750, which sum was to be evidenced by a promissory note for that amount, and the payment thereof secured by a mortgage upon the ranch aforesaid. The terms respecting the proposed dissolution of said partnership and disposition of its assets and payment of its indebtedness were set forth in said agreement. It was, among other things, provided:

"That for and in consideration of the sum of $7,750, as evidenced by one certain promissory note of even date herewith and the further agreements, conditions, and stipulations hereinafter named and mentioned, the party of the first part hereby sells and so soon as the aforesaid sum of money is paid in full according to the conditions of said note and a mortgage to be given to secure the payment of said note and all stipulations and conditions herein set forth, said note, mortgage and this agreement to be read, construed, and taken together, have been fully kept, performed, and complied with, to convey unto the said party of the second part by quit-claim deed all right, title, and interest now owned or that may hereafter be acquired, in, of, and to that certain real property situated in Center precinct, Wasatch county, state of Utah, familiarly known as the Thomas and Richardson ranch consisting of approximately 500 acres of ground (more or less) all of which is now inclosed in one piece and now owned by the said parties hereto as copartners doing business as Wherritt & Dennis.

"This agreement, together with other agreements are made for the purpose of closing up the said partnership heretofore and now existing known and doing business as said Wheritt & Dennis and for the purpose of making a division of the property and claims now existing against said copartnership equitably between the respective parties thereto; therefore, to that end the following named conditions and agreements are hereby stipulated, to wit:

"That said party of the second part agrees to pay said note on or before the 16th day of December, A. D. 1917, with interest at eight per cent. per annum from date until paid, interest payable annually, and if default shall be made in the payment of either the principal or any interest thereon then the party of the first part may, at his option, at any time thereafter, proceed to enforce the payment of the whole amount then due by declaring the same then and there due and payable, by foreclosure and sale of the mortgaged premises according to the tenor of said note and mortgage. * * *

"The party of the second part to have immediate possession of the aforesaid lands and premises together with all improvements thereon and appurtenances thereto belonging, of every kind and nature, including all water right heretofore used upon the same; to have all rents, profits, and issues of every kind and nature arising therefrom so long as this agreement is in force and effect. The party of the second part to pay all taxes and assessments levied against or becoming in any manner a lien thereon or against the same, both upon the lands and improvements, and also the water stock or rights belonging thereto, and no expense or charges of any kind connected therewith shall be chargeable to the said party of the first part hereto, and if said party of the first part shall at any time be compelled to pay any such charges or assessments in order to protect any interest he may have in said lands, premises, or water rights, or if the said party of the second part shall default in the payment of any interest due on said note, the party of the first part may at any time thereafter declare this agreement null and void, and may also declare the whole of said note then owing, both principal and interest, immediately due and payable and may at once proceed to collect the same, and all moneys then or thereafter paid either under this agreement or on account of this note shall then and there be forfeited to the party of the first part as rents, profits, and interests on account of sale, and as liquidated damages.

"That immediately upon the execution of this agreement, said note and mortgage and the assignment of the aforesaid account in the said Bank of Heber City as herein pro-

vided, steps shall be taken to dissolve the aforesaid partnership of Wherritt & Dennis according to law, and neither party to said partnership shall thereafter hold himself out to the public, either directly or indirectly, as·a member of such partnership nor shall he thereafter, in any manner, obligate the members thereof, or the partnership as such.''

The note and mortgage referred to in the foregoing agreement were duly executed by W. R. Dennis and the defendant Lysle Dennis, his wife, but the mortgage covered only ''an undivided one-half interest'' of the real estate owned by the partnership, which was specifically described, however, in the mortgage. The note for $7,750 was made payable in five years from date. It provided for the payment of eight per cent. interest, payable semi-annually. It was also provided therein that in case default in the payment of interest should be made the holder might declare the whole sum due and payable forthwith and might proceed to collect the same. The note also contained a stipulation for the payment of an attorney's fee equal to ten per cent. of the amount due thereon.· The mortgage practically contained the same conditions and also contained a further provision that the mortgagor should pay all taxes and assessments against the mortgaged property, etc.

The plaintiff retained the title to his undivided interest in the ranch, and the defendant W. R. Dennis having made default in the payment of interest and taxes, the plaintiff brought this action to collect the whole amount due on said note and to foreclose the mortgage aforesaid.

All of the foregoing facts are alleged in plaintiff's complaint and are supplemented with other facts, to the effect that it was intended by the parties to include the whole of the real estate described in said mortgage instead of only one undivided one-half interest therein, and that said one undivided one-half interest was inserted in said mortgage ''by mutual mistake of the parties and·of the scrivener'' in drawing the same, and that it was intended by the parties that the plaintiff's note was to be secured by a mortgage upon the whole interest of said real estate. The plaintiff therefore asked that the said mortgage be reformed so as to cover the whole interest, and that it be foreclosed as reformed.

W. R. Dennis filed an answer to the complaint in which, after admitting the execution and delivery of the note and mortgage, he set up various defenses, among others, that the mortgage was intended to cover only the one undivided one-half interest of the ranch, namely, that portion which he purchased from the plaintiff, and that his own one-half interest was intended to remain unincumbered. He also averred in his answer that it was agreed that the plaintiff and his wife should execute a warranty deed for plaintiff's interest in said real estate, which deed "should be placed in escrow with defendant's note for the purchase price thereof until said purchase price and interest should all be paid." He also claims a homestead right in what he terms his one-half interest.

The plaintiff filed a reply to W. R. Dennis' answer in which the facts constituting the alleged affirmative defenses were, in effect, denied. The defendant Lysle Dennis, as the wife of W. R. Dennis, also filed an answer in which she claimed a dower interest in the undivided one-half interest of her husband, and also sets up the homestead claim the same as her husband. No reply was filed to her answer.

In view that counsel for defendants vigorously insists that in failing to reply to the wife's answer the plaintiff thereby admitted the averments contained therein, and for that reason she was entitled to judgment as prayed for, we shall dispose of that matter before proceeding to consider the questions arising between the partners.

Counsel is in error in his contention. Our statute requiring a reply (Laws Utah 1903, p. 182, carried forward in Comp. Laws 1907, as Sec. 2980) is taken from the Code of Iowa. See Code of Iowa, Ann. St. 1897, Sec. 3576. That section had been repeatedly construed by the Supreme Court of Iowa before it was adopted in this state. *McQuade* v. *Collins*, 93 Iowa 22, 61 N. W. 213, decided in 1894, and cases there cited. It is there held that although affirmative matter is set up in an answer amounting to a defense, "yet no reply was necessary under our system of pleading unless the plaintiff claimed to have a defense thereto by reason of some fact in avoidance of the matter so alleged. * * * The law in-

terposed for plaintiff a general denial of the affirmative mat-
ters in the answer and plaintiff was not required to file a
reply unless he wished to confess and avoid'' the facts set
up in the answer. Under our statute, therefore, while a reply
is always necessary to a counterclaim, yet it is not necessary
to affirmative defenses, unless the plaintiff desires to confess
and avoid the facts set up in the answer. If he merely desires
to meet the facts by negative evidence, the law, as stated by
the Iowa Supreme Court, denies the facts for him and he may
offer any evidence in reply which would be admissible under a
general denial. As a matter of course, a plaintiff may always
insist that the facts pleaded in an answer do not amount to a
defense or do not entitle the defendant to what he claims with-
out filing a reply. That is all the plaintiff claims as against
the wife in this case. We shall refer to Mrs. Dennis' claims
again hereinafter.

Proceeding now to a consideration of the respective
claims of the partners we remark that the principal        2
matter that divides them is: What rights has the plain-
tiff in or to the real estate which was owned by the partner-
ship prior to its dissolution and to what extent is he entitled
to relief in this action? The court found that by mutual
mistake of the partners and the scrivener who prepared the
mortgage only one undivided one-half interest in the real
estate was inserted therein, while it was intended to mortgage
the whole interest to secure the payment of the $7,750 note
which was given to evidence the purchase price of plaintiff's
interest in the partnership property. The court accordingly
reformed the mortgage so as to make it cover the whole of the
real estate owned by the partnership and then ordered the
same foreclosed as reformed. We have set forth all of the
terms of the written agreement entered into by the parties
upon that point, and we must confess that to us the terms of
that agreement in that regard seem somewhat uncertain and
ambiguous. We have carefully considered the evidence pro-
duced by the parties, however, and from it we have become
convinced that the evidence, as contended by W. R. Dennis,
is insufficient to sustain the finding that there was a mutual
mistake in drawing up the mortgage. We, in a recent case

(*Weight* v. *Bailey,* 45 Utah 584, 147 Pac. 899), have had occasion to pass upon what is sufficient evidence to authorize a court of equity to reform the terms of a written instrument. The prevailing rule followed by the courts is stated in the headnote to that case in the following words:

"Reformation of an instrument will not be granted upon a probability or a mere preponderance of evidence; there being a presumption that the instrument correctly evidences the agreement of the parties."

Other cases and authorities in support of the text are cited in the course of the opinion. We are clearly of the opinion that the district court erred in decreeing a reformation of the mortgage for the reasons just stated.

That error, however, does not dispose of this appeal, nor does it put the plaintiff out of court. The evidence is clearly to the effect that the plaintiff was to retain the title to his interest in the partnership real estate until the note was paid. This, in effect, is admitted by W. R. Dennis. **3, 4, 5** He, however, claims that the plaintiff was to execute a deed for his interest in the partnership real estate, but admits in his answer that he was not to obtain possesion of it until he had fully paid the purchase price of plaintiff's interest. Moreover, the great preponderance of the evidence is to the effect that plaintiff was to retain the title to his interest until the purchase price was paid. Neither is there any doubt that the plaitniff did in fact retain the title. He, therefore, as a matter of law, had a lien for the purchase price upon the interest he sold to Dennis. Dennis' counsel contends, however, that it was the interest sold by the plaintiff that was included in the mortgage and nothing else. In that connection it is insisted that although the legal title remained in the plaintiff, yet Dennis obtained the equitable title which was sufficient to sustain the mortgage. To our minds the contention that the interest sold by the plaintiff to Dennis was the only interest intended to be mortgaged is not only against the great weight of the evidence, but it is against reason, logic, and common sense as well. Why should the plaintiff seek a mortgage on property to which he retained title? Upon the other hand, why should Dennis mortgage real estate the title

to which was confessedly in the mortgagee? Common knowledge as well as the experience of all men is to the contrary. Mortgages are generally given on that which the mortgagor owns and not on that which is owned by the mortgagee. We are forced to the conclusion that it was the intention of all concerned in the transaction to make the mortgage cover the undivided one-half interest of Mr. Dennis, and that the plaintiff should retain the title to the interest he sold to Dennis until the purchase price was paid. The plaintiff thus had a lien upon the one undivided interest by contract—that is, by virtue of the mortgage—and also had a vendor's lien upon the other undivided one-half interest by virtue of law. This is precisely what counsel for plaintiff contend for, and in view of that situation they somewhat forcibly insist that although the court by its decree had reformed the mortgage and foreclosed it as reformed, yet no reformation was necessary, and hence the decree in that regard becomes immaterial. The judgment, it is contended, should therefore prevail. The difficulty in pursuing such a course is that the findings, the conclusions of law, as well as the decree, are all based upon the theory that the mortgage should be and was reformed so that it covered the entire property. The mortgage was ordered foreclosed and the whole property was ordered to be sold as though it had been actually included in the mortgage. While the allegations of the complaint, and the prayer thereof, and the evidence in support of the allegations in equity, are clearly sufficient to justify findings, conclusions of law, and a decree ordering a foreclosure of the mortgage against Dennis' undivided one-half interest in the partnership real estate, and are also sufficient to authorize a court of equity to establish and enforce a vendor's lien in favor of the plaintiff upon the undivided one-half interest sold by him to Dennis, and to order such lien foreclosed and the whole premises sold under the mortgage and the lien, yet the present findings, conclusions of law, and decree are wholly insufficient in substance to justify such a foreclosure and sale. In other words, when the findings and conclusions of law authorizing a reformation of the mortgage are set aside, as they must be, then the findings, conclusions of law, and decree are insufficient to

authorize the sale of the whole real estate owned by the partnership, one-half interest of which is covered by the mortgage and the other one-half by the vendor's lien. The findings and conclusions of law as they now stand are therefore wholly insufficient to support a decree ordering the whole premises sold.

This brings us to the defense of Mr. Dennis, namely, that he is entitled to carve a homestead out of his undivided one-half interest. This claim is predicated upon the theory that the mortgage in question did not cover the interest he owned in the partnership real estate. In view that we have been forced to find against his claim in that regard there is nothing to the contention that he has a homestead right as against plaintiff's claim. Although it were conceded that Dennis could carve a homestead out of partnership realty, a question we do not pass on now, yet he, with the consent of his wife, under our statute, could incumber even an existing homestead. To what extent the Legislature may authorize the homestead to be sold upon execution is determined by this court in *Lumber Co.* v. *Vance,* 32 Utah 74, 88 Pac. 896, 125 Am. St. Rep. 828. There is nothing in that case which prevented Dennis and his wife from mortgaging even the declared homestead to secure the payment of the note in question.

Nor can the claim of Mrs. Dennis that she has a dower or other inchoate right in the partnership property be sustained. Even if it were conceded that the wife has an inchoate right in partnership real estate, a question we refrain from passing on, yet, under our statute, she would have no such right as against a claim for purchase money. Her right is expressly excluded as against such a claim. Comp. Laws 1907, Sec. 2826. True, her counsel insists that she did not consent to the mortgage on her husband's half interest, yet the evidence is clearly to the contrary. There is not sufficient evidence to justify a finding of fraud, even though the district court had not found against it, which it did. It follows that neither the claim of Mr. Dennis nor that of his wife can be sustained.

While there are a number of other questions discussed by Dennis' counsel, yet they all relate to and are controlled by

the principal question we have discussed. It is unnecessary, therefore, to devote further time to the other assignments.

In view that this is an equity case we can direct what orders should be made in order to fully dispose of the case.   The judgment is therefore reversed, and, in so        8 far as the findings of fact and conclusions of law are in conflict with our views herein, they are vacated and set aside, and the district court of Wasatch County is directed to make findings and conclusions of law to conform to the views herein expressed and to enter a decree ordering the mortgage upon the undivided one-half interest owned by Mr. Dennis in the real estate described in the complaint, and which is included in said mortgage, foreclosed, and further to declare that the plaintiff has a vendor's lien upon the undivided one-half interest by him sold to said Dennis and to direct that all of said real estate be sold and the proceeds of sale be applied to the payment of plaintiffs' claim, attorney's fee, and costs of sale, and that the remainder, if any, be turned over to Mr. Dennis.

It is further ordered that each party pay one-half of the costs on ·this appeal, including all of the costs in preparing the case for this court.`

STRAUP, C. J., and MORSE, District Judge, concur.