THE STATE OF IOWA, Appellant, v. JOHN LAWLER *et al.*, Appellees.

**Liquor Nuisance:** INJUNCTION: USE OF PREMISES BY TRESPASSER: LIABILITY OF OWNER. Injunction proceedings for the abatement of a liquor nuisance will not lie against an owner of real estate on whose land a trespasser has, without the knowledge or consent of the owner, erected a building, and used the same for the illegal sale of intoxicating liquors, and which he was compelled to remove as soon as the owner acquired knowledge thereof.

*Appeal from Winnesheik District Court.*—HON W. A. HOYT, Judge.

TUESDAY, MAY 24, 1892.

ACTION to abate a liquor nuisance, and for an injunction, and asking that costs and attorneys' fees be made a lien upon the property. The court below dismissed the petition as to above-named defendants. The plaintiff excepted, and appeals.—*Affirmed.*

*J. B. Kaye*, for appellant.

No appearance for appellees.

KINNE, J.—It appears that in February, 1890, Paul and Rachel Slack erected a shanty upon the lot of the defendants in Decorah, Iowa, and that they sold intoxicating liquors therein during the months of February, March, and part of April, 1890. Action for an injunction and for the abatement of the nuisance was brought against the Slacks and the defendants herein, as well as against the lot. On the trial the court found against Slacks, and abated the nuisance, but refused to enjoin these defendants, or to tax any of the costs to them. The evidence shows without conflict that the shanty was built upon the defendants' lot without their knowledge or consent; that they had never leased the lot to Slacks; and it does not appear that these defendants had any knowledge as to the fact that such a shanty had been erected on these lots, or that the same had been used for the illegal sale of intoxicating liquors, until after the petition in this case was filed. It is also undenied that afterwards, and before this case was tried, these defendants compelled Slacks to tear down and take away the shanty. Lawler and Doyle were both non-residents. They had an agent living in Decorah, and he had no knowledge of the use his prin-

cipals' premises were being put to until about the time the building was taken down.

There is no evidence in this case which would warrant us in setting aside the judgment of the trial court. The defendants, within a reasonable time after being apprised of the fact that the law was being violated by one who was a trespasser upon their premises, caused his building to be taken down and carried away. There is no evidence which would justify us in holding that the defendants in any manner authorized or approved the violation of the law by Slacks. Under the circumstances, to issue an injunction against them, and tax costs and attorneys' fees to them, would be wholly unwarrantable.

The judgment of the district court is AFFIRMED.