JOSEPH   MERRYFIELD   V.   P.   F.   SWIFT   AND   WILLIAM
KRANER, Appellant.

Intoxicating Liquors:   ABATEMENT OF NUISANCE.   A decree ordering
    that a building be closed, and that the owner shall pay the costs
    and attorney fees incurred in proceedings to enjoin the continu-
    ance of a liquor nuisance in such building, is unauthorized where
    the sale of intoxicating liquors was made by a trespasser without
    the owner's knowledge or consent, and the sale of the liquor and
    the occupancy of the trespasser had ceased before the petition
    was filed.

*Appeal from Keokuk District Court.*—HON. D. RYAN,
Judge.

TUESDAY, OCTOBER 12, 1897.

THIS is an action in equity to enjoin the continu-
ance of a liquor nuisance.   Swift made default.   A
decree was entered against the defendants, abating the
nuisance, enjoining the carrying on of the business,
and ordering the building closed for one year; also,
that the furniture, fixtures, and movable property in
said building be sold, and the proceeds of such sale
applied in payment of the costs.   The costs, including
attorney's fees and costs of abatement and sale, were
decreed to be a lien upon said real estate.   The defend-
ant Kraner excepted and appeals.—*Reversed*

*Steck & Smith* for appellant.

*Hamilton & Donohoe* for appellee.

KINNE, C. J.—The defendant Kraner owned a building in the town of Hedrick, in Keokuk county, Iowa. He resided in the city of Ottumwa. The defendant Swift, in September, 1895, without any lease from Kraner, and without his knowledge or consent, entered said building, and for two or three days illegally sold liquor therein. These sales and Swift's occupancy of the building had ceased prior to the time the petition in this case was filed. Under these facts there was no occasion to commence this action against the owner of the building. Swift was a trespasser upon the premises. He had no right there whatever, and Kraner did not know that he had ever been an occupant of his building, or selling liquors therein, until the notice in this case was served on him.

The decree below, in so far as it ordered the building closed, and made the costs and attorney's fees and costs of abatement and sale a lien upon the property of Kraner, was unwarranted. *Drake v. Kingsbaker,* 72 Iowa, 441; *Eckert v. David,* 75 Iowa, 302; *Morgan v. Koestner,* 83 Iowa, 134; *State v. Lawler,* 85 Iowa, 564; *State v. Severson,* 88 Iowa, 714; *State v. Price,* 92 Iowa, 181. The decree below, in the respects above mentioned, being erroneous, it is REVERSED.