JAMES F. MENTZER, Appellant, v. MARION COUNTY, IOWA.

**Sheriffs:** COMPENSATION OF DEPUTY. Under Acts Twenty-fifth General Assembly 1896, chapter 75, section 3, providing that each sheriff shall be allowed a deputy, whose salary shall be fixed by the board of supervisors, a sheriff of a county not containing 28,000 inhabitants, who was not, therefore, a salaried officer, was entitled to an allowance for a deputy, though Code, 1873, section 771, prescribes that when a county officer receiving a salary is compelled by business pressure to employ a deputy the board of supervisors may make a reasonable allowance to such deputy.

*Appeal from Marion District Court.*—HON. JAMES D. GAMBLE, Judge.

SATURDAY, OCTOBER 5, 1901.

ACTION in two counts. In the first the plaintiff alleges
that during the years 1896-97 he was sheriff of Marion
county; that he appointed one George C. Inlow his deputy;
that the appointment was approved by the board of supervis-
ors; that Inlow held no other office, and that he qualified
and served as such deputy during said years; that prior to
June 6, 1898, plaintiff paid him a salary for said services of
$1,000, and filed his claim therefor with the auditor, and
that the board of supervisors refused to allow any part there-
of; whereof plaintiff asks judgment for $1,000. In the
second count he makes the same allegations, and further
avers that the services were of the reasonable value of $500
a year; that the defendant refuses to pay the same; that,
after the same was due, said Inlow, in consideration of
$1,000, paid to him by plaintiff assigned said claim to plain-
tiff, and that he now is the owner thereof. He asks to re-
cover $1,000, with interest. Defendant demurred to the pe-
tition on the ground that the facts set forth do not entitle
plaintiff to the relief demanded, in this: "(1) That there
is no authority of law for the payment of salary or hire to
deputy sheriffs, in counties having a population of less than
28,000, by the board of supervisors. (2) There is no author-
ity of law for the payment of salary or hire of deputy sheriffs
to the sheriff in counties having a population of less than
28,000, by the board of supervisors." The demurrer was
sustained, and, plaintiff electing to stand on his petition,
judgment was rendered against him, from which he appeals.
—*Reversed.*

*Kinkead, Mentzer & Granger* for appellant.

*W. A. Stone* for appellee.

GIVEN, C. J.—It is conceded that plaintiff may main-
tain this action if recovery may be had thereunder. It will

be observed that the services for which a recovery is sought were rendered during the years 1896 and 1897; therefore it is to the statute then in force that we refer. Section 771 of the Code of 1873 provided: "When a county officer receiving a salary is compelled by the pressure of the business of his office to employ a deputy the board of supervisors may make a reasonable allowance to such deputy." Chapter 75 of the Acts of the Twenty-fifth General Assembly, which took effect January 1, 1896, and remained in force until the adoption of the Code of 1897, provides in substance as follows: Section 1 requires all sheriffs to report quarterly, under oath, all fees charged or taxed and all fees collected by them or their deputies, including fees for which the county is liable, except dieting prisoners; and that annual settlement be made with the board on the first Monday in January of each year. Section 2 requires that sheriffs in counties having a population of more than 28,000 and less than 45,000 shall pay to the county treasury all fees in excess of $2,300 per annum, and any counties having a population of more than 45,000 all fees in excess of $3,000 per annum; "also a statement of all expenses actually and necessarily paid in serving a process in criminal cases," which amount shall be allowed and paid out of the county treasury. "The fees retained by the sheriff under the provisions of this act shall be in full compensation for all services." Section 3 is as follows: "Each sheriff shall be allowed a deputy whose salary shall be fixed by the board of supervisors of his county, not exceeding $1,000 per annum; and provided further, that such board of supervisors may allow more than one deputy at a salary not exceeding $1,000 per annum each, when they shall deem the same necessary." It is conceded that the population of Marion county was less than 28,000. The claim of appellee is that this sheriff was not a salaried officer, and therefore not entitled to an allowance for a deputy under said section 771. Appellant contends that he was entitled to a deputy at a salary to be

fixed by the board of supervisors, under said section 3, whether or not he was a salaried officer, and regardless of the population of the county. Said chapter 75 is entitled "An act providing for limiting the compensation of sheriffs and their deputies." We have seen that it does limit the compensation of sheriffs and their deputies. As to deputies it is provided that their salary shall not exceed $1,000 per annum. Said section 3 is without qualification either as to the class of sheriffs to whom or the counties in which deputy sheriffs shall be allowed. It says: "Each sheriff shall be allowed a deputy," and we see nothing in the title nor in the act to warrant ingrafting a qualification on said section. We think that plaintiff was entitled to be allowed a deputy during said years, and that he is entitled to recover therefor upon establishing the allegations of the petition. It follows from this conclusion that the demurrer should have been overruled. —REVERSED.