THE STATE OF NORTH DAKOTA, EX REL GEORGE D. KELLY AS
STATE'S ATTORNEY IN AND FOR NELSON COUNTY, NORTH DA-
KOTA, VS. ALLAN MCMASTER, AND ALLAN MCMASTER AND J. M.
C. MCMASTER, COPARTNERS AS ALLAN MCMASTER & CO., AND
THE LAKOTA TOWNSITE AND IMPROVEMENT CO., A CORPORATION.

Opinion filed January 21, 1904.

Abatement of Action — Death of Party — Survival — Liquor Nuisance
— Appearance — Effect — Waiver — Descent and Distribution —
Destruction of Liquors.

In an action brought by the state on the relation of a state's attor-
ney for the relief provided for by section 7605, Rev. Codes 1899,
against a party defendant, and against said party and another as a
copartnership, and against the owner of the premises for maintain-
ing an alleged nuisance contrary to the provisions of said section,
the person sued and served individually died after issue joined and
before trial. No service was obtained upon the other party alleged
to be a member of the partnership, nor did he appear or answer be-
fore trial. On the trial he appeared by attorney in court, and par-
ticipated in the trial upon the issues raised by the answers filed by
the other defendants, which placed in issue the question of partner-
ship, but no answer was served by or for him. *Held:*

1. That the action abated by the death of said party and that the
cause of action did not survive.

2. That by an appearance at the trial and participating in the trial
upon the issues raised the other party, not served with summons
and other papers, did not admit by such appearance without answer
that he was a member of the partnership, under the proceedings as
shown by this record.

3. By litigating the question whether such person was a member
of the partnership, without claiming at the trial that such appear-
ance was an admission of an existing partnership, the right to claim
that such partnership was admitted was waived by the state, and could
in no event be raised for the first time in this court.

4. The action having abated by the death of the principal defend-
ant, and no proof of partnership having been produced on the trial,
the action did not survive, but abated as against the decedent, and
his personal representative could not be made a party, as the action
is a public one, based on the individual and personal acts of deced-
ent in violation of said section.

5. Upon the death of said defendant the property used by him in
the maintenance of the nuisance passed to his heirs, subject to the
control of the county court.

6. Before intoxicating liquors can be rightfully destroyed pursuant to said section, the nuisance must be shown to have been maintained by some person as a defendant and owner or keeper in a pending action.

7. No proceeding in rem alone against the liquors kept is authorized under said section 7605, but such liquors can only be destroyed in an action against the owner or keeper guilty of unlawfully keeping or using such liquors.

8. In this state chapter 63 of the Laws of this state recognizes intoxicating liquors as property that may have legitimate use.

9. The action having abated as to the principal defendant, and the cause of action not having survived, judgment cannot be rendered for the destruction of the property alleged to have been unlawfully used, nor for the closing of the place, as such remedies are incidental to the main remedy, the abatement of the nuisance, which was abated by defendant's death.

Appeal from District Court, Nelson county; *Kneeshaw,* J.

Action by the state, on the relation of George D. Kelly, state's attorney, against Allan McMaster and others. Judgment for defendants, and the state appeals.

Modified.

*C. N. Frich,* Attorney General, *George D. Kelly,* State's Attorney, and *J. H. Bosard,* Assistant Attorney General, for the appellant.

The defendant J. M. C. McMaster appearing generally by Geo. A. Bangs, his attorney, and failing to file any answer or deny the allegations of the complaint, admits its allegations, among others that J. M. C. McMaster and Allan McMaster were running the drug store against which this action was brought, and wherein it was alleged that a liquor nuisance was conducted under the firm name of Allan McMaster & Company, and admit all other allegations of the complaint which refer to J. M. C. McMaster.

All material allegations of new matter in an answer are admitted if no reply is made to them. National Lumber Co. v. Ashby, 59 N. W. 913; Davis v. First National Bank of Grinnell, 77 N. W. 775.

Under the allegations of the complaint it is not necessary for plaintiff to introduce evidence. Bloomer v. Glendy, 30 N. W. 486; Peisch v. Linder et al., 33 N. W. 133.

In all states having the code pleading all allegations of the complaint not denied are deemed to be admitted for the purpose of the action.    Bonnell v. Jacobs, 36 Wis. 59; Dillon v. Russell, 5 Neb. 488; Breckenridge v. American Cent. Ins. Co., 87 Mo. 62.

The action does not abate; it is an action in equity for an injunction against the premises which are being maintained as a nuisance; the injunction was issued and served and the premises closed prior to the death of the defendant; the action was against a copartnership and the owner of the premises; one of the partners only has died; a decree was issued against the surviving member as well as it could in the lifetime of his partner for the closing of the building, taxing of costs and the destruction of the liquors, etc., seized in the action.    The death of a party to a suit in chancery, if the cause survives to or against some of the parties, so that a perfect decree as to every part of the subject of the litigation can be made between the survivors, the suit does not abate; the court will order it to proceed between the survivors.    Leggett v. Dubois, 2 Paige 211; Fisher v. Rutherford, 1 Baldwin C. C. Rep. 192; Hess v. Lowery, 7 L. R. A. 90; Robinson v. Bank of Pikeville, 56 S. W. 660; King v. Bell, 14 N. W. 141; 24 Federal Dec. 251; Troy Iron & Nail Factory v. Winslow, 11 Blach. 513; Geyer v. Douglas (Iowa), 52 N. W. 111; Pingree v. Coffin, 78 Mass. 289.

The presumption under section 2427, Rev. Codes, from the fact that intoxicating liquor was found on the premises and that it was kept for sale is not overcome by proof that the owner thereof did not keep it, but it must be shown that no one kept it for that purpose    State v. Intoxicating Liquors, 80 N. W. 230.

If it appear that the liquor when seized was kept by any person, whether defendant or not, for the purpose of being illegally sold, judgment of forfeiture is to be rendered.    State v. Intoxicating Liquors, 80 N. W. 230.

The death of one of several defendants does not abate the action as to the others.    Brown v. Andrews, 1 Barb. 227; Gardner v. Walker, 22 How. Pr. 405.

The owners of intoxicating liquors seized are not entitled to their release or value if found by a search made by authority of a warrant issued for the purpose, whether such search was unlawful or not. Ferguson v. Josey et al., 66 S. W. 345; Elmore v. State, 45 Ark. 243; Ry. Co. v. Gans, 62 S. W. 738.

*Fred A. Kelley* and *Geo. A. Bangs,* for respondent.

The record discloses no notice on the part of the state that it intended to claim a default against J. M. C. McMaster. Questions not raised in the trial court will not be noticed on appeal even by a stipulation of counsel. 2 Cyc. Law & Proc. 660, and cases cited; Pielke v. Railway, 6 Dakota 444, 43 N. W. 813; Parrish v. Mahany, 12 S. D. 278, 81 N. W. 295; Marshall v. Andrews, 8 N. D. 364, 79 N. W. 851; Purcell v. St. Paul Fire & Marine Ins. Co., 64 N. W. 943; Q. W. Loverin-Browne Co. v. Bank of Buffalo, 7 N. D. 569, 75 N. W. 923; Baumer v. French, 8 N. D. 319, 79 N. W. 340; Fletcher v. Nelson, 6 N. D. 94, 69 N. W. 53; Little v. Little, 2 N. D. 175, 49 N. W. 736; Braithwaite v. Power et al., 1 N. D. 455, 48 N. W. 354.

J. M. C. McMaster may take advantage of the defense introduced by the other defendants. The defense which goes to the validity of the plaintiff's cause of action though interposed by but one defendant, would inure to the benefit of all, even those in default. 1 Enc. Pl. & Pr. 861; Sutherlin v. Mullis, 17 Ind. 19; Strapp, admr. v. Davis, admr., 78 Ind. 128; Miller v. Longacre, 26 Ohio State, 291; Williams v. McGrade, 13 Minn. 40; Blodgett v. Morris, 14 N. Y. 482; sections 5261, 5481 and 5413, Rev. Codes 1899.

The action although termed equitable is nevertheless a public action brought for the purpose of vindicating a public right, for the purpose of preventing in the future, violation of the prohibition law, and is therefore a public action. 1 Cyc. Law & Proc. 49; Littleton v. Fritz, 65 Iowa 495, 22 N. W. 641; Applegate v. Winebrenner, 66 Iowa 68, 23 N. W. 267; Geyer v. Douglass, 52 N. W. 111; Beebe v. Wilkins, 29 Atl. 693; Johnson v. Elwood, 82 N. Y. 362.

Pending the final disposition of the cause, the court had authority under its equitable powers, to consider a motion by the defendant to oust the sheriff of possession. State v. McGruer, 9 N. D. 566, 84 N. W. 363.

The closing of the premises, destruction of the liquor and taxation of costs are incidental to the final judgment. In re Kaeppler, 7 N. D. 307, 75 N. W. 253, and cases cited.

MORGAN, J. This action was commenced on March 5, 1903, against Allan McMaster, Allan McMaster and J. M. C. McMaster,

copartners as Allan McMaster & Co., and the Lakota Townsite & Improvement Company. The action is brought by the state of North Dakota, on the relation of George D. Kelly, as state's attorney of Nelson county, N. D. The action was commenced by the issuance and service of a summons, complaint, search warrant and injunctional order. Personal service of these papers was made on Allan McMaster and the Lakota Townsite & Improvement Company. The latter was made a defendant as the owner of the premises involved in the action. The complaint alleges on information and belief that Allan McMaster and J. M. C. McMaster are copartners doing business as Allan McMaster & Co.; that the defendants Allan McMaster and Allan McMaster & Co., use and occupy the premises in violation of chapter 63 of the Penal Code, and maintain a nuisance in a place kept on said premises in violation of section 7605, Rev. Codes 1899, and kept thereon a place where intoxicating liquors are unlawfully sold, contrary to the provisions of said section. The relief prayed for is that said place be declared a nuisance, said nuisance abated, the place closed, and the defendants permanently enjoined from keeping said place as a nuisance and from selling intoxicating liquors thereon unlawfully; also a prayer for general relief, with costs and attorney's fees. An affidavit was also filed showing violations of said law. A search warrant was asked for and issued, and upon search being made large quantities of intoxicating liquors were found on the premises, a drug store. Allan McMaster and the townsite and improvement company appeared and answered, denying the partnership, and denying the maintenance of a nuisance on the premises described. J. M. C. McMaster was not made a party to the action when commenced, and was not served with the summons or other papers. At the time of issuing the papers in the injunction suit Allan McMaster was arrested under criminal proceedings based on violations of said section 7605, and bound over to the district court after a preliminary hearing. Prior to the term of the district court following the institution of these civil and criminal actions Allan McMaster died. At the May term, 1903, of the district court of Nelson county, the district court adjudged that the criminal action against Allan McMaster had abated, and ordered the criminal actions stricken from the calendar, but the civil action, involving the injunctional proceedings, was retained on the calendar for future action. At said May term, and on

June 29, 1903, the civil action being on the calendar for trial, the following proceedings were taken therein: The attorney of record for Allan McMaster, upon being asked by plaintiff's attorney to state for whom he now appeared in the action, replied that he appeared for the townsite company and for J. M. C. McMaster. Plaintiff's attorney then suggested that J. M. C. McMaster had been appointed administrator of the estate of Allan McMaster, and asked that said J. M. C. McMaster be brought upon the record as the personal representative of Allan McMaster, deceased. The attorney for J. M. C. McMaster opposed such action by the court on the ground that the action was public in its character, and did not survive the death of Allan McMaster, but, on the contrary, abated upon his death. The court denied the motion. Thereupon the state offered testimony to establish the fact that a nuisance was maintained by Allan McMaster in the place described in the complaint by the unlawful sale of intoxicating liquors therein, and to establish the fact that J. M. C. McMaster and Allan McMaster were copartners, and, as such maintained such nuisance. At the close of taking such testimony the defendants moved for judgment in their favor on the ground that plaintiff had failed to establish any copartnership as alleged in the complaint, and had failed to show that J. M. C. McMaster was in any way connected with the unlawful sale or keeping for sale of intoxicating liquors, as alleged in the complaint, or in any other manner. The motion was granted, and the action was dismissed, with costs to be taxed against the plaintiff. Plaintiff has appealed from the judgment of dismissal, and a trial de novo is requested under the provisions of section 5630, Rev. Codes 1899.

The appellant first contends that the unconditional appearance of J. M. C. McMaster and his failure to answer was an admission by him that he was a partner with Allan McMaster, as charged in the complaint, and that such appearance rendered proof of the partnership unnecessary, and that judgment should have been entered adjudging the place in question a nuisance kept by such partnership. The record will not sustain this contention. The record shows that the trial proceeded upon the theory that J. M. C. McMaster disclaimed any partnership. That was one of the questions upon which evidence was introduced by the plaintiff. The appearance of J. M. C. McMaster gave the court jurisdiction over his person, and accomplished the same purpose, and no more,

than had he only appeared in the action and demanded a copy of the summons and complaint before service upon him of them, or had he simply been served with these papers by the sheriff when the action was commenced. Before the taking of testimony commenced, defendants' counsel stated, while reviewing the prior proceedings had in the case before the court: "Of course, if they desire to combat the issue and try to show that whether or not there was a copartnership and that copartnership was engaged in the illegal business, we are ready to dispose of that issue after we dispose of the Allan McMaster issue in the case." Pending the argument upon the disposition to be made of plaintiff's motion to substitute the administrator of Allan McMaster's estate as a defendant, the court inquired of plaintiff's counsel: "What about the other matter? Do you make any contention of partnership?" Plaintiff's attorney replied, "Yes." Thereupon the court said, "Well, proceed." Whereupon the court ruled that the action had abated as to Allan McMaster, and denied the motion to substitute his administrator as a party defendant. The testimony was then taken upon all the issues raised by the answer in the case, including the one as to the existence of the alleged partnership of Allan McMaster & Co. So far as the trial proceeded without an answer by J. M. C. McMaster, it proceeded irregularly. But the answer of Allan McMaster and the answer of the townsite company denying the existence of any copartnership were still in the case. The attitude of the attorneys on each side seemed to be that the issue of partnership would be tried under the pleadings then in the case. This was done without objection on either side. Nowhere in the record is it suggested by objection or otherwise that J. M. C. McMaster was in default by virtue of having not interposed an answer. Nowhere in the court below did plaintiff's attorney move for judgment against J. M. C. McMaster on this ground. The issue of partnership was litigated by consent without an answer by this defendant. The question of the default of J. M. C. McMaster, if such did exist, cannot be raised for the first time in this court under the facts as shown by the record in this case. Power v. Bowdle, 3 N. D. 107, 54 N. W. 404, 21 L. R. A. 328, 44 Am. St. Rep. 511, and cases there cited.

It is next contended that the action is an equitable one in the nature of an action in rem brought to abate a nuisance by closing the premises and destroying the liquors found, and to enjoin the continuance of the nuisance, and does not abate entirely by reason

of the death of Allan McMaster. The record shows that Allan McMaster alone committed all the acts constituting the nuisance. No sales are attempted to be shown as made by any one other than himself. There is no proof or attempt to prove that J. M. C. McMaster committed directly any of the acts complained of. Nor is there any evidence in the record showing, or even tending to show, that he was interested in the alleged firm of Allan McMaster & Co. as a partner, nor does the proof show any partnership. The trial court held that both civil and criminal proceedings abated upon his death. So far as the civil proceedings are concerned, the state contends that the action of the trial court was erroneous in holding that the civil action had abated. The state claims that a decree can now issue against J. M. C. McMaster as a surviving member of the partnership. This position might be tenable if it had been shown that J. M. C. McMaster was a member of the copartnership. As we have seen, he is not shown to have been connected with the alleged partnership by any evidence, and his appearance in the action was, under the circumstances, not an admission of the allegation of partnership contained in the complaint. Hence it seems clear that the court had no jurisdiction over the action by virtue of the appearance of J. M. C. McMaster in the action, after Allan McMaster died. Hence this question must be determined upon other principles than the one advanced that it may be passed to a final decree by virtue of J. M. C. McMaster's appearance in the case as a surviving partner of the firm. None of the numerous cases cited by appellant on this phase of the appeal is in point. Such cases are cited in support of this principle, as stated in appellant's brief: "It is a well-established rule, adopted by all states which have adopted the code pleading, that all material allegations of the bill or complaint which are not denied by the answer are deemed to be admitted for the purpose of the action." This will be admitted as stating a sound principle of the law of pleading. But, as shown, such principle is not applicable here.

The state next contends that the action did not abate at Allan McMaster's death, but survived by reason of the fact that personal service was made upon him, liquors seized in his possession unlawfully, and the place lawfully closed by due process of law prior to his death, and that the action can proceed to judgment against the intoxicating liquors unlawfully kept in the place as a proceeding in rem. Did the action abate entirely upon the death of Allan Mc-

Master, or does it survive to the extent that judgment may be entered for the closing of the premises and the destruction of the liquors seized? Section 5234, Rev. Codes 1899, provides: "No action shall abate by the death * * * of a party * * * if the cause of action survives." The test to determine whether an action has abated is whether the cause of action continues. The cause of action in this case is based upon a violation of section 7605, Rev. Codes 1899. The action is brought by the state. It is brought to enforce the penalties provided by said section for violations of its provisions. That section authorizes a judgment or decree (1) declaring a place where intoxicating liquors are unlawfully kept or sold a nuisance; (2) ordering such place abated and shut up by taking possession thereof and all intoxicating liquors found therein, and said intoxicating liquors destroyed; (3) a permanent injunction against the maintenance of the nuisance. The remedy sought in this and similar actions is to secure the enforcement of a general law of the state by the enforcement of civil penalties. The violation of the law under which the action is brought concerns the public at large, and not any citizen in his individual capacity as plaintiff. This action was brought on behalf of the public to prevent violations of this law by Allan McMaster. No contract right is involved in the suit, and no property rights accrue to the plaintiff by virtue of the action. The action is therefore a public one so far as its maintenance is concerned, as well as in the objects sought by its prosecution. Such actions are deemed public actions under similar statutory provisions. In Applegate v. Winebrenner, 66 Iowa, 68, 23 N. W. 268, the court said: "The act of 1884 provides that a suit may be maintained by any citizen of the county for the abatement of the nuisance such as defendant is charged with maintaining, and that an injunction may be issued in the proceedings. The action, although prosecuted in the name of a private party, is for the public benefit; that is, the injury which is sought to be remedied by the proceeding is an injury to the general public, rather than to the individual citizen." In Littleton v. Fritz, 65 Iowa, 496, 22 N. W. 645, 54 Am. Rep. 19, the court said: "The plaintiff is by law made the representative of the public in bringing and maintaining the action." In Geyer v. Douglass, 85 Iowa, 93, 52 N. W. 111, it was said, in speaking of a statute similar to section 7605, Rev. Codes 1899: "In either case, however, the action so instituted is of a public nature and for the public benefit." The action is therefore one

providing for the protection of the rights of the public. So far as the defendants are concerned, the law in question provides a civil remedy for its enforcement as well as a remedy by conviction of a criminal offense therein defined—that of maintaining a nuisance. It also aims to prohibit by injunction the criminal acts constituting the nuisance, and provides additional penalties to insure the abatement of the nuisance, the destruction of the liquors and personal property used in maintaining the nuisance, and the closing up of the premises for one year. These are all based on the personal acts of the person maintaining the nuisance. Their object is to stop the violation of the law. That object is effectually accomplished without the aid of the remedies afforded by the law when the person maintaining the nuisance dies. The nuisance is abated by his death, and nothing further can be effectuated by proceeding with the action to judgment. The state is not seeking anything beyond the effectual abatement of the nuisance. The prescribed remedies of closing the building and destroying the liquors are afforded alone to further the one object. The death of Allan McMaster has resulted in conclusively doing so, and nothing further can be accomplished by further proceedings. The action has abated by his death and the cause of action did not survive against his administrator. The case of Johnson v. Elwood, 82 N. Y. 362, is as near in point as any case cited. In that case the court said: "The plaintiff claims that no order of reference could be made in this case for the reason that the action abated in consequence of the death of the defendant before any trial, and that the cause of action did not survive. It is evident that, if the plaintiff had succeeded in maintaining a right to the injunctional order after the defendant's death, no judgment could have been entered against the defendant; nor is it apparent in what manner his representatives could have been restrained in this action. The acts of the defendant in interfering with the lots in question were of a character purely personal to himself, and the restraint upon him by injunction was at an end upon his decease and the maxim, 'Actio personalis moritur cum persona,' applies. As the action became abated and did not survive upon the death of the defendant against his heirs or representatives, there was no authority in the court to direct its discontinuance, or to make any other order than that it be deemed abated by such death." See, also, Geyer v. Douglass, 85 Iowa, 93, 52 N. W. 111; Beebe v. Wilkin (N. H.), 29 Atl. 693; State v. Batchellor (N. H.) 20 Atl. 931.

It is strenuously insisted that the court had jurisdiction to continue the action to judgment as against the liquors and other personal property seized by the sheriff upon a search of the premises under a warrant of the court directing him to do so. It is. claimed that these goods are shown by the proof to have been used in the maintenance of the nuisance and should be destroyed, although the action' abated so far as Allan McMaster is concerned. Admitting that the proofs show that the liquors and property seized were unlawfully used by Allan McMaster, it does not follow that the court has power to now order their destruction. It is shown by the evidence that Allan McMaster alone was engaged in the unlawful use of these premises. No partnership is established and J. M. C. McMaster is not shown to have been in any way connected with the maintenance of the nuisance or in the partnership. The destruction of this personal property is ordered in order that the nuisance may be abated. Section 7605, Rev. Codes 1899, provides: "And if the existence of such nuisance is established either in a criminal or equitable action, upon the judgment of a court or judge having jurisdiction, finding such place to be a nuisance, the sheriff  *  *  * shall be directed to shut up and abate such place,  *  *  * and such personal property  *  *  * shall, after judgment, be forthwith publicly destroyed by such officer." Before such a decree could be entered—that is, before the place was established to be a nuisance—the action had abated by the defendant's death. By his death the court lost jurisdiction to proceed, and, unless the cause of action survived, no substitute could be made of his personal representative. No procedure is established by the code for substitution of parties if the action abates and the cause of action does not survive. There is nothing upon which a substituted party can act, as death has discontinued the action and wiped out the cause of action. No proceeding against the liquor alone is provided for. The liquors are ordered destroyed in an action with parties plaintiff and defendant. No proceeding *in rem* is authorized under chapter 63 of the penal code—being the prohibition law of North Dakota. In this respect this law is not the same as some other prohibitory liquor laws, notably that of the state of Iowa. Therefore the case of State v. Liquor (Iowa) 80 N. W. 230, relied on by plaintiff's counsel, is not in point. So, also, is the case of Ferguson v. Josey (Ark.) 66 S. W. 345, based upon a statute unlike our own in this respect. As said, section 7605, supra, prescribes the procedure to be followed

in abating this class of nuisances, and, it not having provided a remedy against the liquors except when found to be unlawfully used by a person, the action cannot be prosecuted to judgment after the death of the person guilty of the violation of the statute. As stated before, the object of the action is the abatement of the nuisance. Closing the building and the destruction of the liquors are provided for to secure this object and are merely incidental to the main object. The ultimate aim of the statute is to provide that no nuisance shall be maintained on the premises described. No punishment is expressly provided for under the civil action, unless the destruction of the liquors be deemed a punishment. If punishment is sought, that is provided for by a criminal proceeding in which the abatement of the nuisance is provided for by closing the building and destroying the liquors and personal property. The closing of the premises is provided for in the criminal action as well as in the civil, and the same remedy is afforded the owner of the premises. In case he has acted in good faith, and upon his furnishing a bond that he will immediately abate the nuisance, the court may order the premises immediately turned over to him. Such owner has this right whether made a party to the civil action or not, and has the same right to have the premises turned over to him after the tenant's commission of the criminal offense. If the law contemplates that one of the main purposes of the judgment is the closing of the premises, it seems strange that such purpose could be annulled on the application of the defendant immediately after the judgment or the ordering of the judgment. No destruction of the liquors can be ordered until the place is adjudged to be a nuisance by a final judgment or order. Before the final order was made, the owner had died, and the title to the liquors and personal property had passed to the heirs subject to the control of the county court and the possession of the administrator. Section 3741, Rev. Codes 1899. Possession of the liquors by a person is not alone sufficient to raise a prima facie presumption that they are unlawfully possessed by such person. Before such possession becomes prima facie evidence of the existence of a nuisance by virtue of possession, under section 7605, Rev. Codes 1899, the liquors must be found in a person's possession under a search warrant based on an affidavit charging the unlawful use or possession of such liquors. Such prima facie presumption would have been available against Allan McMaster, if the case had proceeded to trial on the merits against him. His death

terminated this right. Intoxicating liquors are personal property, capable of lawful use by registered pharmacists for medicinal, mechanical and scientific purposes. The statute provides for such lawful possession by druggists. Section 7594, Rev. Codes 1899. Brown v. Perkins, 12 Gray, 89. Inasmuch as no final judgment had been entered or ordered when Allan McMaster died, and upon his death the property passed to his heirs, subject to the control of the county court, no presumption can be indulged in that their use will be for unlawful purposes. If it be now decreed that such property be destroyed, it would be ordering the destruction of property without any proof of its present unlawful use. State ex rel. Blodgett v. Batchellor (N. H.) 20 Atl. 931. Upon Allan McMaster's death the action abated and the court had no authority to proceed with the action, or to make any orders therein. It was without jurisdiction. The trial court had no authority to order the property turned over to the administrator. Death abated the action and the court had no authority thereafter to proceed with the action farther than to order that the action be deemed abated. Defendant McMaster is entitled to his costs, as plaintiff endeavored to show, without success, that he was interested as a partner.

So far as the judgment ordered the personal property and liquors seized to be turned over to the administrator, it will be modified. In all other respects the judgment is affirmed. All concur.