(99 N. W. 58.)

---

THE STATE OF NORTH DAKOTA, EX REL GEORGE M. REGISTER, STATE'S ATTORNEY FOR BURLEIGH COUNTY v. EDWARD G. PATTERSON, ARTHUR E. McGAHEY ET AL.

Opinion filed January 23, 1904.

**Injunction Against Liquor Nuisance Supported by Affidavit Upon Information and Belief.**

1. In an action for the abatement of a liquor nuisance under section 7605, Rev. Codes 1899, an injunction may issue at the commencement of the action upon a complaint alone, when made by the state's attorney and verified by him upon information and belief. This is an exception to the usual rule as to the granting of injunctions.

**Search Warrant Issues Only on Affidavit Stating or Showing the Facts.**

2. An affidavit for search warrant, setting forth that the party making it is informed and believes that intoxicating liquor, to wit, "whisky, lager beer and other intoxicating liquors, are kept for sale and sold and drank upon certain premises, known as the Northwest Hotel, and described as situated on the corner of Main and Fifth streets, in the city of Bismarck, on the Northern Pacific Railway right of way," is insufficient to give the court jurisdiction to issue a search warrant under section 7605, Rev. Codes 1899, in that the affidavit, being made on information and belief alone, is mere hearsay, and does not state or show the required facts. Following State v. McGahey, 97 N. W. 865, 12 N. D. 535.

Appeal from District Court, Burleigh county; *Winchester, J.*

Action by the state, on the relation of George M. Register, state's attorney, against Edward G. Patterson and Arthur E. McGahey. Judgment for plaintiff and defendants appeal.

Reversed in part.

*J. G. Hamilton* and *A. T. Patterson* and *Tracy R. Bangs,* for appellants.

*George M. Register* and *F. H. Register,* for respondent.

Briefs substantially the same as in State ex rel. Register v. McGahey, 12 N. D. 535, 97 N. W. 865.

Cochrane, J. This appeal is from an order of the district court of Burleigh county refusing to set aside an injunctional order, and also denying defendants' motion to set aside and vacate a search warrant and to dismiss all proceedings had thereunder in an action for the abatement of a liquor nuisance under section 7605, Rev. Codes 1899. The action has not been tried upon the merits, but is still pending. The complaint was verified by the state's attorney, to the effect that "the same is true to his best knowledge, information and belief." The summons, complaint, injunction, affidavit and search warrant were served upon the defendants at one time. The only affidavit accompanying the papers was attached to the search warrant and was also made by the state's attorney upon information and belief, and without setting up the sources of his information or its substance.

It is urged that the injunctional order is void, because not supported by an affidavit; that the injunction cannot be granted upon the complaint alone, but, if granted upon the complaint alone, the

complaint must be sworn to positively; and that a verification on information and belief will not answer the statutory requirement. In this counsel are mistaken. The statute under which this action is brought permits the injunction to be granted at the commencement of the action in the usual manner of granting injunctions, except that the affidavit or complaint, or both, may be made by the state's attorney, attorney general, or his assistant upon information and belief, and no bond shall be required. Section 7605, Rev. Codes 1899.

The usual manner of granting injunctions at the beginning of the action is prescribed by sections 5343-5345, Rev. Codes 1899. Under this statute, when it appears by the complaint that the plaintiff is entitled to the relief demanded, and such relief, or any part thereof, consists in restraining the commission or continuance of some act, the commission or continuance of which during the litigation would produce injury to the plaintiff, the injunction may be granted at the commencement of the action; but, when granted on the complaint alone, the facts relied on must be stated, in positive and direct terms, as being within the plaintiff's personal knowledge. Allegations on information and belief are insufficient. The complaint must also be verified positively and not in the usual form of verification. Such is the holding in New York, from which our statute as to procedure in injunction cases is taken. Roome v. Webb, 3 How. Prac. 327; Smith v. Reno, 6 How. Prac. 124; Levy v. Ely, 15 How. Prac. 395; Hecker v. Mayer, 28 How. Prac. 211; Id., 18 Abb. Prac. 369; Woodruff v. Fisher, 17 Barb. 224; Bostwick v. Elton, 25 How. Prac. 362; Cushing v. Ruslander (Sup.) 1 N. Y. Supp. 505; sections 603, 604 and 607, Stover's Code Civ. Proc. N. Y. And such is the general rule. 10 Enc. Pl. & Pr. 929, and cases cited. Where the averments of the complaint are thus stated and verified, the complaint itself is an affidavit. This usual manner of granting injunctions is varied, in actions to abate liquor nuisances, by the exceptions before mentioned, so that when the affidavit or complaint, or both, is made by the state's attorney, as in this case, it may be made on information and belief. The motion to set aside the injunction was therefore properly overruled.

It is further urged that the search warrant issued in this case and all proceedings thereunder were illegal, and that the trial court erred in refusing to vacate and set the same aside. The state's attorney presented to the court an affidavit, signed and sworn to by

himself, setting forth, on information and belief, that defendants' place of business was at the Northwest Hotel, on the southeast corner of Main and Fifth streets, in the city of Bismarck, in certain basement rooms thereof east of the barber shop and north of the hall running east from near the foot of the stairway leading into said basement. It is unnecessary to set forth this affidavit in full. Its averments are all made on information and belief, without setting forth the source of information or belief, or what the information was. The affidavit is in no way corroborated by other affidavit, deposition or evidence, and the complaint for injunction cannot be looked to to supply the omission in this regard, because it is also made by the state's attorney, and is verified upon information and belief. The district court was without jurisdiction to issue the search warrant upon any such showing. State v. McGahey (just decided) 97 N. W. 865.

That part of the order of the district court denying appellants' motion to set aside the search warrant and proceedings thereunder is reversed. In so far as such order denied appellants' motion to dissolve the injunction, it is sustained. Appellants will recover costs. All concur.

## ON REHEARING.

### (April 12, 1904.)

The petition of the state's attorney of Burleigh county for a rehearing in this case is denied. No point in the opinion is criticised, but he insists that some order should be made as to the disposition of the property seized under the search warrant. This matter is not before us. The motion under review was to set aside the search warrant and all proceedings under it. It did not ask that the property be returned. The warrant under which the sheriff made search and seizure was void. It afforded him no protection. His acts were as if done without any warrant whatever. It cannot be looked to in any sense as a justification for an unlawful seizure or withholding of property. That he dispossessed another of his property unlawfully is patent, but the question whether the beer can be held as evidence against the appellant in the main action, notwithstanding the unlawful means by which the law officer secured its possession, is not for us to determine upon this record.