STATE OF NORTH DAKOTA EX REL KELLY, STATE'S ATTORNEY v. THEODORE B. NELSON, ED GARRITY AND HERBERT WANDER.

Opinion filed May 18, 1904.

**Liquor Nuisance — Evidence of.**

1. A nuisance, as defined by section 7605, Rev. Codes 1899, is a place where intoxicating liquor is sold, bartered, or given away in violation of law, or where persons are permitted to resort for the purpose of drinking intoxicating liquors as a beverage, or where intoxicating liquors are kept for sale, barter, or delivery, in violation of law. It is not the selling or keeping for sale, or the resorting for the purpose of drinking, that constitutes the nuisance; but it is the keeping the place where any or all these things are done.

**The Keeper of a Liquor Nuisance Must Be an Occupant.**

2. To be the keeper of a liquor nuisance so as to subject the place to condemnation as such, the person must be an occupant under some claim of right, and not a mere transient and naked trespasser therein.

**The Word "Place" Means the Particular Room, Tenement, or Apartment.**

3. The word "place," as used in section 7605, Rev. Codes 1899, means the particular room, tenement, or apartment wherein the unlawful business is done or the liquor is kept for sale or sold.

**Sales in Hotel Without Knowledge or Consent of Owner or Lessee, Does Not Render It a Nuisance — Place — Room Identified.**

4. Where a boarder at a notel kept intoxicating liquor in his bedroom, and on three or four occasions sold liquor to persons in the hotel, but without the knowledge or consent of the owner of the building, or of the lessees and proprietors thereof, the hotel could not be adjudged a common nuisance and closed as such; and the particular room or place where the liquor was kept or sold could only be adjudged a nuisance, and abated, upon its being particularly identified in the proofs, so that the decree for its abatement could point out the identical place, without interfering with the rooms and rights of others.

**Identity Insufficient.**

5. The place where the nuisance, if any, was maintained, was not sufficiently identified in this case so that a decree for its abatement could be made.

**Finding of Intoxicants Evidence Only When Found by the Searching Officer With Proper Process.**

6. The finding of intoxicating liquor on the premises occupied by defendant is prima facie evidence of the existence of a nuisance, under section 7605, Rev. Codes 1899, only when the liquor was found by an officer empowered to search for the same under a warrant issued in connection with the temporary injunctional order.

**Equitable Action — Finding Liquor Not Presumptive Evidence of Keeping for Sale.**

7. In an equitable action for the abatement of an alleged liquor nuisance, the finding of intoxicating liquor in possession of the defendant is not, under section 7614, Rev. Codes 1899, presumptive evidence that the same was kept for sale contrary to law.

Appeal from District Court, Nelson county; *Fisk, J.*

Action by the state, on the relation of George D. Kelly, as state's attorney, against Theodore B. Nelson and others, to abate a nuisance. Judgment for defendants and plaintiff appeals.

Affirmed.

*George D. Kelly,* state's attorney, for appellant. *M. A. Shirley,* for respondents.

If the nuisance existed in the particular place proceeded against, then such nuisance must be abated and its continuance enjoined, irrespective of any questions of title or ownership in the property harboring the nuisance. State ex rel. Sheeks v. Hilliard, 10 N. D. 436, 87 N. W. 980; Commonwealth v. Hayes, 45 N. E. 82; State v. Lord, 55 Pac. 503; Carter v. Bartel, 81 N. W. 462; Gray v. Stienes, 28 N. W. 475; Nichols v. Thomas, 56 N. W. 540; Littleton v. Harris 34 N. W. 800.

The joint answer interposed by defendants is a general denial merely, and puts in issue the existence or non-existence of the nuisance only. Overton v. Schindele, 50 N. W. 977; Bliss on Code Pleading, section 340.

No brief by respondents.                                   •

COCHRANE, J. This is an equitable action prosecuted by the state's attorney of Nelson county to have the Exchange Hotel, situated on lot 10 of block 12, in the village of Aneta. Nelson county, N. D., adjudged to be a common nuisance, and directing that it be shut up, abated and closed, and to enjoin the defendants from using or permitting such premises to be used for the keeping for sale or for the sale of intoxicating liquors, and plaintiff asks for costs and attorney's fees. The case is here for trial anew under section 5630, Rev. Codes 1899.

The complaint, after alleging the ownership of the property to be in the defendant Theodore B. Nelson, proceeds: "That the defendants, Ed Garrity, Theodor B. Nelson and Herbert Wander, now occupy the said real property, upon which there is a building, and there maintain a place where intoxicating liquors are sold, bartered and given away, in violation of the provisions of chapter 63 of the penal code, and where persons are permitted to resort for the purpose of drinking intoxicating liquors as a beverage, and where intoxicating liquors are kept for sale, barter or delivery, in violation of the provisions of chapter 63, and are now engaged in

maintaining upon said real property a common nuisance, and will continue to keep and maintain said common nuisance, unless restrained by an order of injunction of the court." A nuisance in this connection is defined by section 7605, Rev. Codes, to be a place "where intoxicating liquors are sold, bartered or given away in violation of any of the provisions of this chapter, or where persons are permitted to resort for the purpose of drinking intoxicating liquors as a beverage, or where intoxicating liquors are kept for sale, barter or delivery in violation of this chapter; * * * and the owner or keeper thereof shall, upon conviction, be adjudged guilty of maintaining a common nuisance." In construing this statute, it has been repeatedly stated by this court that keeping intoxicating liquors for sale, or the selling of intoxicating liquors, contrary to the provisions of law, or both the keeping for sale and the selling, do not constitute the maintenance of a nuisance within its terms. They are but evidences of the offense. The keeping of the place where the prohibited act or acts are done by the defendant is what the statute inhibits in this form of action, and the place can be adjudged a nuisance in an equitable action only when the owner or keeper of it is a party defendant, so that he can defend himself and property against the charge, and be condemned, only after a hearing or opportunity to be heard. State v. Dellaire, 4 N. D. 314, 60 N. W. 988; State v. Rozum, 8 N. D. 558, 80 N. W. 477; State v. Thoemke, 11 N. D. 386, 92 N. W. 480. The evidence in this case shows that defendants were not, either jointly or separately, the owners or keepers of the place where intoxicating liquor was kept for sale or sold in violation of law, within the meaning of the statute as above interpreted. "The place," as used in this context, means the particular place, room or apartment wherein the liquor was kept for sale or sold in violation of law. If it were a fact that one or more rooms were used for this unlawful traffic, the place to be abated would be these particular rooms, and not the entire hotel, when the balance of the building was used for lawful purposes, and not for the maintenance of a liquor nuisance. The owner or keeper of the place has reference to the person or persons occupying and using the place for the keeping for sale of intoxicating liquors in violation of law, whether the sales are made personally or through another, and whether the keeper is owner, lessee, or mere licensee of the place. To be the keeper of a nuisance so as to subject the place to condemnation as such, the person must be an occupant un-

der some claim of right, and not a mere transient and naked tres-
passer therein; and if possession is obtained for a lawful purpose,
then, without the knowledge or consent of the owner of the prem-
ises, they are used for illegal purposes, the place will not be ad-
judged a nuisance as against the owner, unless, after knowledge or
notice of its unlawful use, he permits the occupancy and use to con-
tinue.   Drake v. Kingsbaker (Iowa) 34 N. W. 199; Merryfield v.
Swift, 103 Iowa, 167, 72 N. W. 444; Morgan v. Koestner, 83 Iowa,
134, 49 N. W. 80; State v. Lawler, 85 Iowa, 564, 52 N. W. 490;
State v. Seeverson (Iowa) 54 N. W. 347; State v. Price, 92 Iowa,
181, 60 N. W. 514.

Ed Garrity was a boarder at the Exchange Hotel.   His bedroom
was upstairs in this building.   The upstairs part of the hotel was
used entirely as bedrooms for guests of the hotel, and the one used
and occupied by Garrity is not described or identified either in the
pleadings or by the evidence.   He had in his bedroom at one time a
case of whisky and four bottles of beer.   On three or four occa-
sions, when men were met in another bedroom of the hotel carrying
on a poker game, Garrity brought them liquor and sold them drinks.
But this was in the bedroom of another guest of the hotel, and this
room is not identified.   Where Garrity got the liquor he thus sold,
whether from his own bedroom or some place out of the building,
does not appear.   There is no evidence that he at any time sold or
gave away the liquor in the room occupied by him as a bedroom, or
that the liquor which he had in this room was kept for sale, or for
other than his individual use.   Garrity was in no way connected
with the management of the hotel, as owner, lessee, keeper, employe
or otherwise.   He had no interest in or authority over such hotel,
or any part thereof, excepting the room he occupied as a bedroom.
As against him the evidence is entirely insufficient to sustain a find-
ing that he was the owner or keeper of a nuisance within the mean-
ing of this statute.

Again, the place where the liquor was kept, and where the sales
were made, being wholly unidentified, a judgment of abatement au-
thorizing it to be closed cannot be entered against it.   There is no
evidence in the record by which the room occupied by Garrity, where
the liquor was kept, can be located and singled out from the balance
of the rooms in the second story of such hotel.   For the abatement
of a nuisance, the place must be particularly identified.   State v.
Thoemke, 11 N. D. 388, 92 N. W. 480.

The deputy sheriff who arrested Garrity testified that he found beer in Garrity's trunk in his room at the hotel when he arrested him on January 20, 1903, and that Garrity, when informed against, pleaded guilty to the charge of unlawfully selling liquor in this hotel; and it is urged by counsel for the state that this is conclusive evidence that Garrity is guilty of maintaining a nuisance in this hotel. The evidence does not disclose that this intoxicating liquor was found and seized on authority of a search warrant. It is true, as contended, that section 7605, Rev. Codes 1899, declares the finding of intoxicating liquor upon the premises to be prima facie evidence of the nuisance complained of, but this court held in State v. McGruer, 9 N. D. 572, 84 N. W. 363, that this language has reference to intoxicating liquors found by an officer empowered to search for the same under a warrant, which, in this class of cases, may be issued in connection with a temporary injunctional order. State v. McMaster, 13 N. D. 58, 99 N. W. 58. In the case at bar there is no showing that such warrant issued. The liquors were not offered in evidence, and parol proof of what the officer saw in Garrity's trunk is not prima facie evidence of a nuisance under this statute, and, in the absence of statute, the finding of liquor could have no such force as evidence.

Reliance is placed upon the clause in section 7614, Rev. Codes 1899, to the effect that, "upon trial of every indictment, information or contempt proceedings for a violation of the provisions of this chapter, proof of the finding of intoxicating liquor in the possession of the accused, in any place except his private dwelling house or its dependencies, * * * shall be received and acted upon by the court or judge as presumptive evidence that such liquor was kept for sale contrary to the provisions hereof." This statute has no application, for the reason that this was not the trial of an indictment, information, or contempt proceeding. That Garrity was convicted of selling intoxicating liquor in violation of the prohibition statute, upon an information charging sales at the same place, to the same persons that were proven in the case at bar, does not make a prima facie case for the state under the charges in this complaint. As against Garrity, it was competent evidence of the fact that unlawful sales had been made by him, as a link in the chain of evidence to establish the keeping and maintaining of a nuisance. If proof of one offense was sufficient prima facie evidence of another, without proof of any other facts or circumstances, then the first conviction would bar a

conviction of the other offense.   But the conviction of an unlawful
sale is not a bar to a conviction for maintaining a nuisance, though
the unlawful sale upon which the first conviction was based may be
evidence, as may the judgment of conviction, in proving the mainte-
nance of the nuisance.   State v. Harris, 64 Iowa, 287, 20 N. W.
439; State v. Wheeler, 62 Vt. 439, 20 Atl. 601; State v. Lincoln,
50 Vt. 644.   So far as the defendant Garrity has been guilty of vio-
lating this statute, his conviction and imprisonment effectually put
a stop to his selling liquor in this hotel or elsewhere, and, at the
time of the trial below, the proof of his conviction and imprisonment
also proved that he then kept no liquor nuisance to be abated.

There was no evidence in the case to justify a judgment against
Nelson or Wander.   Nelson owned the Exchange Hotel; Wander
was a sublessee and one of the proprietors of the hotel business
which was conducted in this building.   The hotel was operated as
a place affording board and lodging to persons seeking its accommo-
dations.   The upstairs of the building was used for bedrooms for
the guests of the hotel.   There is no evidence that either of these
defendants kept or knowingly permitted intoxicating liquors to be
kept, used, or sold in this building, either by employes, guests, or
by any other person.   The evidence falls far short of establishing
that either of them was the owner or keeper of a place in this hotel
where intoxicating liquors were sold, bartered, or given away, or
where intoxicating liquors were kept for sale, barter, or delivery or
where people were permitted to resort for the purpose of drinking
intoxicating liquors as a beverage.   The proofs fall short of estab-
lishing that either of these defendants had any knowledge or infor-
mation that Garrity had liquor in his room, or that he made sales of
liquor to persons in the hotel.   The preponderance of evidence nega-
tives such knowledge.   The evidence of Garrity's conviction upon
a plea of guilty to a charge of unlawfully selling liquor therein was,
as against them, evidence of the fact that Garrity had made such
sales in the building, but it was not evidence sufficient to show that
the sales were made with their knowledge or consent.   Such evi-
dence could amount to no more, as proof of the keeping of a liquor
nuisance by Nelson and Wander, than would evidence of the convic-
tion of a burglar for the robbery of a bank be proof of the complicity
of the bank's president in the theft.   Griffe, the only witness for the
state, testified that one night in January, 1903, Nelson and five oth-
ers were playing poker in an upstairs bedroom in the hotel; that

one of the players sent for some beer, which was brought to and handed into the room by Garrity; and that the money was passed out to Garrity. Garrity did not enter the room, and the witness' evidence that Nelson saw him is mere conclusion. He also testified that Garrity, on one occasion, in the presence of defendant Wander, sold some brandy to Oscar Quamme. The defendants denied all knowledge of these or any sales being made by Garrity in this hotel. Oscar Quamme was a witness, and testified that Griffe's statement was false; that he never bought liquor from Garrity; that he did not know Garrity was selling liquor until the night of his arrest. Griffe was contradicted on material points by two other witnesses in the case. He was a gambler, by his own confession, and was hired to secure evidence against the defendants under a contract by which he was to have no pay unless a conviction was secured, and his pay was out of proportion to the value of his services in case of conviction. Evidence so secured, and from witnesses of this character, is not the safest dependence in ferreting out facts. The defendant Nelson was positive in his assertion that, if liquor was sold in the hotel by any person, it was without his knowledge, permission, or consent. He testified that he did not live in the hotel, but on the evening of the arrest in this case he passed a woodshed next to the hotel, and saw Garrity in there, making a noise, working at something. He went to the door and asked Garrity what he had in there, and received no answer. He walked in to see, and found a barrel of beer; ordered Garrity to get it out of there in a hurry; went at once to Gilkeson and Wander, proprietors of the hotel, told them what he had seen, and ordered the beer taken away and kept away. His instructions to the lessees were that if liquor was used on the premises he would take the place off their hands; that it would not be permitted on the premises. Nelson is amply corroborated upon these points. The evidence is entirely insufficient to sustain a judgment against Nelson and Wander for keeping a nuisance. The trial judge, who had the witnesses before him and was able to judge of their credibility from the vantage ground of personal observation, found in favor of the defendants. Where there is any conflict, the preponderance of the evidence is in favor of the finding of the trial court.

The judgment appealed from is affirmed. All concur.

(99 N. W. 1077.)

NOTE—See reporter's note by Judge Cochrane. State v. Kerr, 3 N. D. 531, 58 N. W. 27; also note on other decisions under prohibition law. State v. Markuson, 7 N. D. 155, 73 N. W. 82. To recover moneys paid for intoxicating liquors, under section 7621, a demand for the money must precede the suit. Oswald v. Moran, 8 N. D. 111, 77 N. W. 281. Burden is on defendant to prove beer not intoxicating. State v. Currie, 8 N. D. 545, 80 N. W. 548. The necessity of describing place where intoxicants are sold, applies only to indictment for keeping and maintaining nuisance, and to cases of search and seizure. State v. Rozum, 8 N. D. 548, 80 N. W. 477. Where state's attorney makes information upon information and belief before magistrate, deposition upon which same is based must be filed. Sufficient if both filed at same time. State v. Rozum, supra. Where a husband allows liquors sold in his home, contrary to law, although done by his wife, who owns the home, he is guilty of keeping and maintaining a common nuisance. State v. Rozum, supra; State v. Ekanger, 8 N. D. 559, 80 N. W. 482. Where a druggist holds a permit to sell intoxicating liquors, if he establishes a liquor nuisance in his drug store, he may be convicted. State v. McGruer, 9 N. D. 566, 84 N. W. 363. Sale of intoxicants by a druggist holding a permit at any other point than that specified therein, is subject to conviction under the prohibition law. State v. Hilliard, 10 N. D. 436, 87 N. W. 440. Sale by a druggist holding a permit, outside of its terms, is criminal. State v. Donovan, 10 N. D. 203, 86 N. W. 709. Sale by a druggist, holding a liquor permit, to a habitual drunkard is criminal, whether he knows of the habit or not. State v. Donovan, 10 N. D. 203, 86 N. W. 709. Proceedings in contempt under the prohibition law are governed by section 7605, not 5942, Rev. Codes, 1899. State v. Massey, 10 N. D. 155, 86 N. W. 225. Final order in contempt proceedings under prohibition law is appealable. State v. Massey, supra. Sale of liquor in violation of an injunction is a criminal contempt. State v. Massey, supra. Citizen of a county where a liquor nuisance exists may bring a suit to abate it without authority or consent of state's attorney or attorney general. State v. Bradley, 10 N. D. 157, 86 N. W. 354. Evidence held sufficient to convict. State v. Thoemke, 11 N. D. 386, 92 N. W. 480. In actions for abatement of liquor nuisance, an affidavit upon information and belief, not corroborated, insufficient basis for issuing a search warrant. State v. McGahey, 12 N. D. 535, 97 N. W. 865 and State v. Patterson, 13 N. D. 70, 99 N. W. 67. An action to declare premises a liquor nuisance abates by death of defendant. State v. McMaster, 13 N. D. 58, 99 N. W 58. The action is not *in rem*, and liquors can only be destroyed in an action against the owner found guilty. Id. Intoxicating liquors recognized as property. Id. Injunction may issue upon affidavit of state's attorney upon "information and belief." State v. Patterson, 13 N. D. 70, 99 N. W. 67.