**Robert LOCKE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 9378.**

Court of Appeals of Texas, Amarillo.

July 28, 1982.

Gene Gaines, Dallas, for appellant.

John T. Montford, Crim. Dist. Atty., Yvonne M. Faulks, Asst. Crim. Dist. Atty., Lubbock, for appellee.

Before DODSON, COUNTISS and BOYD, JJ.

COUNTISS, Justice.

This appeal from an injunction granted appellee State of Texas under section 101.70 of the Alcoholic Beverage Code [1] presents one ultimate question: did the trial court abuse its discretion by ordering an entire two story building padlocked even though the Code violations occurred only in enterprises operated on the first floor of the building? We conclude that the trial court did abuse its discretion and reverse and remand.

Appellant Robert Locke owns a two story building in the downtown area of Lubbock, Texas. The first floor of the building, containing two pool halls known as the Rancho Grande and the Cortez, is leased to other persons. The second floor of the building, containing sixteen rooms, is a hotel where Locke and his common law wife live. They operate the hotel, renting the remaining rooms to the public. The second floor has a separate outside entrance and is not accessible through the pool halls. The building is commonly known as the Rose Hotel.

Numerous violations of the Code occurred in the first floor pool halls and Locke concedes the propriety of their closure. There was no evidence, however, of Code violations in the second floor hotel. Thus, we must decide whether the trial court abused its discretion, *Jeter v. State*, 184 S.W.2d 716, 719 (Tex.Civ.App.—Eastland 1944, no writ), by closing the entire building.

Section 101.70 states, as pertinent here:

(a) A room, building, boat, structure, or other place where alcoholic beverages are sold, bartered, manufactured, stored, possessed, or consumed in violation of this code or under circumstances contrary to the purposes of this code, the beverages themselves, and all property kept or used in the place, are a common nuisance....

\* \* \* \* \* \*

(c) ... If the court finds against the defendant, on final judgment it shall order that *the place where the nuisance exists* be closed for one year or less and until the owner, lessee, tenant, or occupant gives bond with sufficient surety as approved by the court in the penal sum of at least $1,000.

\* \* \* \* \* \*

(Emphasis added.)

---

1. References to "section" or "the Code" refer to the Alcoholic Beverage Code, Tex.Alco.Bev. Code Ann. (Vernon 1978).

The obvious purposes of the section are to deny access to a place being operated in violation of the Code and to terminate the illegal enterprise. Although we have not found any Texas cases defining "place" within the context of the trial court's statutory authority to close "the place where the nuisance exists", cases from states having similar statutes have adopted a practical approach to the problem by defining the term to encompass the area where the alcohol violations actually occurred. Thus, the "place" may mean a single hotel room, an entire building or several buildings, depending on the location of the violations. *State v. Shackleford*, 198 Iowa 752, 200 N.W. 192, 194 (1924); *State v. Poull*, 14 N.D. 557, 105 N.W. 717, 718 (1905); *State v. Nelson*, 13 N.D. 122, 99 N.W. 1077, 1078 (1904). It is apparent in the cited cases that areas clearly separable from the location of the violations are not subject to the injunctive remedy.

We conclude that the same rationale is applicable under our statute. Thus, when section 101.70 speaks of "the place where the nuisance exists" it encompasses the property, buildings or other structures actually used in violation of the Code. If all of the activity is in one room of a building, and the room can be isolated, then that room is the place. If the activity is scattered generally through several buildings, then all of those buildings comprise the place. If different enterprises physically separate from each other are operated in one building and only one enterprise violated the Code, then the area where that enterprise is located is the place.

When the foregoing rationale is applied to the facts of this case, it is apparent that the injunction is too broad. The first floor was properly padlocked because all of its rooms were used for Code violations. The second floor should not have been closed, however, because there is no evidence of Code violations on that floor. It is

the site of a separate enterprise that is physically isolated from the location of the violations and reached by a separate entrance. Thus, the trial court abused its discretion in closing the entire building.[2]

The judgment of the trial court is reversed and the case is remanded for entry of a judgment conforming to this opinion.

---

**2.** The State points to evidence of numerous activities of questionable legality in the hotel and to evidence of its "bad" reputation. Regardless of those matters, however, the hotel is not enjoinable under § 101.70 of the Alcoholic Beverage Code absent evidence of Code violations in the hotel.