704 S.W.2d 145 (1986)
Tessie ROGERS, Appellant,
v.
CITY OF ABILENE et al., Appellees.
No. 11-85-176-CV.
Court of Appeals of Texas, Eastland.
February 6, 1986.
Rehearing Denied March 6, 1986.
*146 Jack Bryant, Ross Adair, Abilene, for appellant.
Harvey Cargill, Jr., City Attorney, Jorge A. Solis, Crim. Dist. Atty., Abilene, for appellees.

OPINION
DICKENSON, Justice.
The City of Abilene and the State of Texas sued Tessie Rogers[1] and other parties who were subsequently dismissed. The trial court sustained plaintiffs' motion for summary judgment, closing Ms. Rogers' building for one year and permanently enjoining her from allowing a common nuisance at that location. Ms. Rogers appeals. We modify and affirm.
Appellant briefs four grounds of error. First, she argues that the trial court erred in allowing the City to participate as a party. This point is overruled. The district attorney joined the City in this suit, and he is specifically authorized to prosecute the suit under TEX.ALCO.BEV.CODE ANN. sec. 101.70 (Vernon 1978) and TEX.REV.CIV.STAT.ANN. arts. 4664 through 4666, codified September 1, 1985, as TEX.CIV.PRAC. & REM.CODE secs. 125.001 through 125.004 (Vernon Pamph.1986). There is no prohibition of a cooperative effort between the City Attorney and the District Attorney. Moreover, relief was also sought under TEX.REV.CIV.STAT.ANN. art. 4667, codified September 1, 1985, as TEX.CIV.PRAC. & REM.CODE secs. 125.021 and 125.022 (Vernon Pamph.1986). These provisions allow not only the District Attorney or Attorney General to bring the suit, but also they allow "any citizen of this State" to bring the suit without any showing that he or she is personally *147 injured. Since June 19, 1975, the City Attorney has been specifically listed as one of the officials authorized to sue for the injunction under this statutory provision.
Next, appellant argues that the trial court erred by issuing an injunction prohibiting all acts in violation of state laws. We agree that the injunction is overly broad. See Ex parte Hughes, 133 Tex. 505, 129 S.W.2d 270 at 274 (1939); Benton v. City of Houston, 605 S.W.2d 679 at 683 (Tex.Civ.App.Houston [1st Dist.] 1980, no writ). We sustain Point of Error No. 2. Further, the trial court's judgment closes both floors of the building when the summary judgment proof shows no violations on the second floor. See Locke v. State, 637 S.W.2d 511 (Tex.App.Amarillo 1982, no writ). The judgment of the trial court will be modified and affirmed.
In her third point, appellant argues that the trial court erred in granting the summary judgment because appellant raised a fact issue as to abatement of the nuisance. We overrule this point. Appellant's answer, a general denial, was not sufficient under TEX.R.CIV.P. 94 to raise the affirmative defense that the nuisance had been voluntarily abated. Moreover, the State's summary judgment proof clearly shows numerous violations on the premises now owned by appellant. Some of those violations occurred after suit was filed and after appellant became the owner of the property. See State v. Crystal Club, 177 S.W.2d 110 at 113 (Tex.Civ.App.Galveston 1944, no writ), which quotes the rule:
The burden was not on the Government to show that the nuisance continued. The burden to establish that it had been abated was on the owner.
The affidavits which appellant filed in opposition to the motion for summary judgment were conclusory in nature. They do not set forth facts sufficient to raise a fact issue on the affirmative defense of voluntary abatement of the nuisance. See Brownlee v. Brownlee, 665 S.W.2d 111 at 112 (Tex.1984), which states:
If the party opposing a summary judgment relies on an affirmative defense he [or she] must come forward with summary judgment evidence sufficient to raise an issue of fact on each element of the defense to avoid summary judgment.... Affidavits consisting only of conclusions are insufficient to raise an issue of fact.
The case of Moore v. State, 107 Tex. 490, 181 S.W. 438 (1915), makes it clear that if the premises are found to be a nuisance, the injunctive relief can be granted against the owner, whether or not she actually knew about or participated in the illegal activity.
The last point of error argues that the trial court erred in granting the motion for summary judgment "when the duration of the injunction was a material question of fact not disposed of by the summary judgment pleadings." Point of Error No. 4 is overruled because Section 101.70, supra, authorizes a permanent injunction after proof that the nuisance exists and has not been abated. The cases cited by appellant on this point are factually distinguishable, for they deal with the duration of suspension as to driver's licenses and not with permanent injunctions under the Alcoholic Beverage Code.
The judgment of the trial court is modified: (1) by inserting the words "ground floor of the" in front of the words "buildings or structures," and "structure"; (2) by inserting the words "the ground floor of the building on" in front of the words "property" and "631 North 13th Street"; and (3) by deleting the general references to "other State laws" and "any other laws" so that the injunction will only prohibit any violation of the Texas Alcoholic Beverage Code.
As modified, the judgment of the trial court is affirmed.
NOTES
[1] Ellis Harold Rogers, one of the parties who was originally sued and later dismissed, deeded the property in question to Tessie Rogers on September 8, 1982. The City and State describe the premises as a "Brown Bag Club" where numerous violations of the law (including violations of the Alcoholic Beverage Code, gambling, aggravated assault, and possession of controlled substances) have occurred for many years. There is no allegation or proof of any violation by Ms. Rogers.